STATE OF HAWAII, Plaintiff-Appellee, *v.* STEPHEN NAKASONE, Defendant-Appellant

NO. 7255

MAY 16, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* The defendant was convicted in the District Court of the First Circuit of Disorderly Conduct, in violation of section 711-1101 of Hawaii Revised Statutes (hereinafter HRS). He appeals from the judgment on the ground that the evidence presented by the State is insufficient to sustain the conviction. We agree, and accordingly reverse the judgment of the trial court.

At approximately 7:10 a.m. on August 10, 1978, appellant was at the McDonald's located at 1055 Beretania Street, as was Honolulu Police Department Officer Mitchell Kiyona. Officer Kiyona, who was in uniform, was there to get a cup of coffee.

Officer Kiyona observed the defendant at a table talking to some customers. The defendant's voice was audible to the officer, but not loud enough for him to make out what the defendant was saying. Without checking with the customers to determine if they were being inconvenienced, the officer approached the defendant to tell him to stop bothering the customers if he did not know them.[1] Defendant started to yell. The officer told him to quiet down. The defendant kept yelling. The officer again told him to quiet down. The defendant said that the officer could not tell him to be quiet. The officer then told him to quiet down or else he would be arrested. The defendant kept yelling that the officer could not tell him to be quiet and could not arrest him. A crowd began to form ten or fifteen feet away. The officer then placed the defendant under arrest for disorderly conduct.

The defendant was accused of violating HRS section 711-1101, which provides in pertinent part as follows:

(1) A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, he:

. . . .

(b) Makes unreasonable noise.

In this case, the only witness testifying for the State was Officer Kiyona. He testified that the restaurant was fairly crowded; that he could not recall if most of the seats and

---

[1] Officer Kiyona testified, over defense counsel's objection, that he had been approached by three male customers, who told him that the defendant kept coming to their table and talking to them; and that they asked the officer if he could talk to the defendant and have him quit bothering them. Defense counsel objected on hearsay grounds. The deputy prosecuting attorney stated that the testimony was being offered not for the truth of the matter stated, but "for probable cause. State of mind of the officer." The court allowed the questions and the testimony on that basis.

tables were occupied; that the counter area was filled; that at no time did the defendant do anything besides yelling; and that a crowd (of unspecified size) began to gather in the moments just prior to the arrest. The State offered no other competent evidence of any actual or threatened physical inconvenience to, or alarm by, a member or members of the public.

The "unreasonable noise" defendant was accused of making is defined in subsection (2) of section 711-1101 as follows:

Noise is unreasonable, within the meaning of subsection (1)(b), if considering the nature and purpose of the person's conduct and the circumstances known to him, including the nature of the location and the time of day or night, his conduct involves a gross deviation from the standard of conduct that a law-abiding citizen would follow in the same situation.

On the record before us, we hold that the State failed to show that defendant made unreasonable noise. He was approached by a police officer, who could not hear what he was saying to the customers at the table, in the absence of any complaint from these customers. He was told to stop bothering them if he didn't know them. He took umbrage and a short argument ensued, ending in his arrest. The record does not contain substantial evidence[2] to support a finding that his conduct involved a "gross" deviation from the standard of conduct that a law-abiding citizen would follow in the same situation.

We further hold that the competent evidence on the record does not sustain a finding that the defendant possessed the state of mind which section 711-1101 requires for imposition of penal liability. An essential element of an offense under this statute is an intent or a reckless disregard on the part of the defendant that his conduct will have a specific result. That consequence which the statute seeks to prevent is actual or threatened physical inconvenience to, or alarm

---

[2] *See State v. Rocker*, 52 Haw. 336 (1970).

by, a member or members of the public. The intent to produce this particular effect, or recklessly creating a risk thereof, is an essential ingredient of the conduct proscribed by the statute. The Hawaii Supreme Court has noted that

> [i]n amending the Hawaii Penal Code in 1973, the Legislature emphasized that mere *public* inconvenience, annoyance or alarm was insufficient to impose penal liability. There must have been the intent by the defendant to cause *physical* inconvenience to, or alarm by, a member or members of the public.

(Emphasis in original). *State v. Jendrusch*, 58 Haw. 279, 282, 567 P.2d 1242 (1977).

"Intentionally" and "recklessly" are defined in HRS section 702-206.[3] The State did not seriously contend that it was the defendant's "conscious object"[4] [sic] to cause or threaten physical inconvenience or alarm. It argued that the defendant acted recklessly. We conclude that there is insufficient competent evidence of record to sustain a finding that the defendant acted either "intentionally" or "recklessly".

Reversed.

*Steve K. Miyasaka, Joanne M. Lanham,* Deputy Public Defenders, on the briefs for defendant-appellant.

*Faye M. Koyanagi,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellee.

---

[3] HRS § 702-206(1)(c). A person acts intentionally with respect to a result of his conduct when it is his conscious object to cause such a result;

HRS § 702-206(3)(c). A person acts recklessly with respect to a result of his conduct when he consciously disregards a substantial and unjustifiable risk that his conduct will cause such a result;

HRS § 702-206(3)(d). A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.

[4] *See* HRS § 702-206(1)(c).