STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JANE J.P. LIU, Defendant-Appellant.
No. 28433
Intermediate Court of Appeals of Hawaii.
September 24, 2008.
On the briefs:
Jane J.P. Liu Defendant-Appellant Pro Se
Anne K. Clarkin Deputy Prosecuting Attorney City and County of Honolulu for Plaintiff-Appellee

SUMMARY DISPOSITION ORDER
RECKTENWALD, Chief Judge, WATANABE, and NAKAMURA, JJ.
Defendant-Appellant Jane J.P. Liu (Liu) appeals pro se from the Amended Judgment filed in the District Court of the First Circuit (district court)[1] on January 12, 2007.[2] Liu was charged with the offense of disorderly conduct for making unreasonable noise, as a violation, pursuant to Hawaii Revised Statutes (HRS) § 711-1101(1) (b) (1993 & Supp. 2007).[3] After a bench trial, the district court found Liu guilty of the charged violation and sentenced her to a suspended fine of $25.
The only issue we need address on appeal is Liu's claim that there was insufficient evidence to support the verdict. We agree with Liu that there was insufficient evidence to support the verdict, and we reverse the ended Judgment.
The trial evidence showed that Liu, a resident of Kuhio Park Terrace (KPT), got into an argument with Rose Marie Estremera (Estremera) over Estremera's feeding of cats near the KPT parking lot. Liu claimed that Estremera pushed her as Liu was removing uneaten cat food. The argument continued into the lobby of KPT Building B, and both women called the police. When police officers arrived, the officers attempted to obtain statements from Liu and Estremera. Officer Kalei Sooto (Officer Sooto) spoke with Liu. Liu initially yelled at Estremera and continued to yell while speaking to Officer Sooto. Officer Sooto told Liu to keep her voice down three or four times. When Liu failed to comply, Officer Sooto arrested Liu. Liu testified that she just wanted to tell her side of the story and became frustrated when Officer Sooto would not listen.
Under analogous facts, the Hawai`i Supreme Court and this court have held that the evidence was insufficient to support a disorderly conduct conviction. E.g. State v. Elliott, 77 Hawai'i 314, 318, 884 P.2d 377, 381 (App.), rev'd on other grounds, 77 Hawai'i 309, 884 P.2d 372 (1994); State v. Nakasone, 1 Haw. App. 10, 612 P.2d 123 (1980); State v. Faulkner, 64 Haw. 101, 102-06, 637 P.2d 770, 772-74 (1981). In light of these precedents, we conclude that there was insufficient evidence to support the verdict against Liu.
IT IS HEREBY ORDERED that the ended Judgment filed on January 12, 2007, in the district court is reversed.
NOTES
[1] The Honorable Fa'auuga To`oto`o presided.
[2] We construe Liu's pro se "Motion for Mistrial and Judgment of Acquittal," which she filed on January 22, 2007, as a motion for new trial. Thus, Liu's notice of appeal, which was filed within thirty days of the district court's denial of her motion, was timely.
[3] HRS § 711-1101 (1993 & Supp. 2007) provides in relevant part:

§ 711-1101 Disorderly conduct. (1) A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, the person:
. . .
(b) Makes unreasonable noise[.]
. . . .
(2) Noise is unreasonable, within the meaning of subsection (1)(b), if considering the nature and purpose of the person's conduct and the circumstances known to the person, including the nature of the location and the time of the day or night, the person's conduct involves a gross deviation from the standard of conduct that a law-abiding citizen would follow in the same situation; or the failure to heed the admonition of a police officer that the noise is unreasonable and should be stopped or reduced.
The renter, resident, or owner-occupant of the premises who knowingly or negligently consents to unreasonable noise on the premises shall be guilty of a noise violation.
(3) Disorderly conduct is a petty misdemeanor if it is the defendant's intention to cause substantial harm or serious inconvenience, or if the defendant persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a violation.