**James E. JENNINGS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 29, 1961.

Henry O. Whitlow, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

James Elmer Jennings, Sr., was convicted of the voluntary manslaughter of his brother-in-law, Albert Ayers, on the evening of Labor Day 1960 in Paducah, and was sentenced to eighteen years in the penitentiary. He had been convicted of felonies on seven previous occasions. Apparently, there had been no previous ill feeling between him and his brother-in-law at whose home he had lived for nearly two months immediately prior to the incident which led to the death of Mr. Ayers about two weeks later.

The decedent and his wife lived in a small five-room house accompanied by their

son, Keith, and his four young children. Keith was not at the home when Jennings came in after dark, staggered into the bedroom of his sister, Mrs. Ayers, and asked if she did not think he could whip his nephew, Keith. Ayers had left his television and gone to the kitchen for some coffee. Mrs. Ayers said Jennings got a shotgun, went into the kitchen from which she heard some talking which she could not understand, but when she heard a noise "like something fell or jarred" she went into the kitchen where she found her husband lying on the floor with Jennings standing "close enough to kick him." She fled to get help and when she returned with the police her husband, his face bruised and smeared, was standing on the porch. In the meantime, Jennings had left the home, and did not return until the next morning. Apparently, the shotgun he took with him was not used on Ayers in any way. Mrs. Ayers testified that Jennings told her husband on his return the next morning that "he was sorry he hit him, said, I wouldn't have done it for nothing in the world." Jennings then left the Ayers home with his meager belongings and crossed the Ohio River into Illinois where he found work picking apples.

For three days after his injury Ayers lay around the house, finally became unconscious, and was then taken to the hospital where he was examined, kept a day and released for return to his home to remain quiet until he recovered. After a week at home he again lost consciousness, was returned to another hospital where he died two days later. An autopsy revealed he had died of a subdural hemorrhage into the cranial cavity without a fracture of the skull, caused apparently by a blow on the head.

In his defense, Jennings testified he found Ayers standing on a chair attempting to fix or plug in a light cord, that Ayers lost his balance and fell toward the kitchen stove, but he did not know whether Ayers hit the stove. Jennings denied hitting Ayers at all and said he had always like him and never had any trouble with him.

The only other witness who testified about Ayers' condition on Labor Day night after his injury was Keith Ayers who had returned home between eleven and eleven-thirty to find his father on the porch with a black eye, "a bruise on the left side of his head and some blood on the side of his face. His shirt was torn off, ripped all down the back."

 It is contended that the testimony is as consistent with innocence as with guilt, that no motive for the assault was shown, and that there is no evidence of a criminal striking of the deceased. We think it clear that the evidence was sufficient to take the case to the jury. Jennings' intoxication, his departure from the home immediately after Mrs. Ayers found him standing over her battered husband lying on the kitchen floor and his penitent return the next morning were enough to justify the jury in concluding that Jennings had assaulted Ayers in a drunken rage.

 No direct proof of motive is essential to a conviction of murder or voluntary manslaughter. Asher v. Commonwealth, Ky., 275 S.W.2d 416, 418, citing cases. It may be inferred from circumstances. The fact that an instruction on murder was given (even if given erroneously) was not prejudicial in the light of the fact that Jennings was convicted of voluntary manslaughter and not murder. Logan v. Commonwealth, 1930, 236 Ky. 329, 33 S.W.2d 25, 26 (opinion by Judge Dietzman). Self-defense was not pleaded, so it was proper not to give an instruction on that issue, Logan v. Commonwealth, above, and we fail to find any intimation in the evidence that Ayers attacked or threatened Jennings in any way. The learned trial judge carefully instructed the jury to acquit Jennings if it concluded that Ayers accidentally fell from the chair or stool and thus received the injuries.

The judgment is affirmed.