**Parker HEMPHILL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1969.

Parker Hemphill, pro se.

John B. Breckinridge, Atty. Gen., Howard E. Trent, Jr., Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

This is an appeal from an order of the Knox Circuit Court denying appellant's

11.42 motion to vacate his judgment of conviction of voluntary manslaughter. Appellant alleges as grounds for his appeal in this RCr 11.42 proceeding that he should not have been tried the second time on an indictment charging murder, since the conviction for voluntary manslaughter in his earlier trial for murder and voluntary manslaughter[1] resulted in an acquittal of the murder charge. He maintains that the earlier conviction of voluntary manslaughter operated as an acquittal on the charge of murder so that a second trial for murder constituted double jeopardy. In his RCr 11.42 motion, he also alleges that trial again on the charge of murder gave the prosecution "the advantage of offering the jury a choice (murder or voluntary manslaughter), a situation which is apt to induce a doubtful jury to find the appellant guilty of the less serious offense rather than to continue the debate as to his innocence". His conviction on his second trial was affirmed, the only issues raised on the appeal being in regard to the empaneling of the jury, Hemphill v. Commonwealth, Ky., 405 S.W. 2d 956 (1966).

Was it error to try appellant again on an indictment charging murder where on a previous trial he had been charged with murder but was convicted of voluntary manslaughter?

In support of his motion appellant cites one Kentucky case, one Supreme Court case, and several sister state court cases. The Kentucky case, Vinson v. Commonwealth, Ky., 412 S.W.2d 565 (1967), is not a case in point. In that case, because of a statutory change in the penalty for involuntary manslaughter we held that an instruction on involuntary manslaughter was improperly given, the court reasoning that the offense of involuntary manslaughter should no longer be used as an appendage to charges of murder and voluntary manslaughter where intent is involved.

In the Supreme Court case which appellant cites, Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), the court held that where the Federal Court jury was authorized at the first trial to find the defendant guilty of either first degree murder or second degree murder, and he was found guilty of second degree murder, but the case was reversed on appeal and remanded for a new trial, a second trial of defendant for first degree murder violated the constitutional prohibition against double jeopardy. In Blanton v. Commonwealth, Ky., 320 S.W.2d 626 (1959), the Kentucky case relied on by the Commonwealth, the rule of *Green* was held not to apply to a prosecution by the state of Kentucky since the double jeopardy provision of the Fifth Amendment was then construed as a restriction of federal power only. However, since Blanton, the Supreme Court has decided Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed. 2d 707 (June 23, 1969) which extends the double jeopardy prohibition of the Fifth Amendment to the states through the Fourteenth Amendment on the ground that it is "fundamental to the American scheme of justice" (89 S.Ct. at 2063). Therefore, we are compelled to overrule Blanton, in which the issues were similar to those in the case at bar, on the strength of the Supreme Court cases of Green v. United States and Benton v. Maryland.

At first glance, a second trial on a murder indictment would not appear to have harmed the appellant, since in both trials he was convicted of the lesser offense of voluntary manslaughter and given an identical sentence, twenty-one years. This was unlike *Green* in which the defendant received a conviction on a more serious charge at the second trial. His argument is that the inclusion of the offense of murder in the indictment was harmful, because it "gave the prosecution the advantage of of-

1. See Hemphill v. Commonwealth, Ky., 379 S.W.2d 223 (1964), reversed because of an error in the instructions principally caused by a change in our statutory law, KRS 435.022, removing negligent homicide from the framework of voluntary manslaughter.

fering the jury a choice, a situation which is apt to induce a doubtful jury to find the appellant guilty of the less serious offense rather than to continue the debate as to his innocence".

The issues in the case at bar are similar to those considered by a Federal court in United States ex rel. Hetenyi v. Wilkins, 348 F.2d 844 (2nd Cir. 1965), in which the accused was indicted on a charge of murder in the first degree, and was tried three times on the same indictment. The first trial resulted in a conviction of second degree murder, which was reversed; the second trial, conviction of first degree murder, also reversed; and the third trial, a conviction of second degree murder, which was the conviction under consideration on the appeal. In Wilkins a plea of double jeopardy was interposed at both the second and third trials. Like the accused in Wilkins our appellant, Hemphill, was tried again on a charge of murder after the reversal of his conviction of manslaughter, but the judgment of conviction in the second trial now being attacked was not of murder, but of the lesser offense, voluntary manslaughter, which was the basis of his conviction in his first trial. Although the accused in Wilkins was convicted of the lesser charge, the court held that his Fourteenth Amendment rights had been violated because (1) there was a reasonable possibility that the conduct of the trial and the deliberations of the jury were affected by the fact that the accused was indicted, prosecuted, and charged with first degree murder and (2) the state was constitutionally forbidden to prosecute him for first degree murder following the completion of the first trial. In Wilkins the court said:

"The question is not whether the accused was actually prejudiced, but whether there is reasonable possibility that he was prejudiced * * *" (Wilkins, 348 F.2d 844 at 864) "* * * it is entirely possible that without the inclusion of the first degree murder charge, the jury, reflecting a not unfamiliar desire to com-promise might have returned a guilty verdict on the first degree manslaughter charge on the same evidence." (Wilkins, 348 F.2d 844 at 866),

and reversed the conviction. Our decisions on the issue discussed in Wilkins hold that an unauthorized murder instruction was not prejudicial when the defendant was convicted of a lesser degree of homicide. Brannon v. Commonwealth, Ky., 400 S.W. 2d 680 (1966); Jennings v. Commonwealth, Ky., 349 S.W.2d 828 (1961); Logan v. Commonwealth, 236 Ky. 329, 33 S.W.2d 25, (1930), and we are not persuaded that we should change our view.

The question naturally occurs as to whether the principle of Benton v. Maryland, supra, in March 1969 should apply retroactively to the State conviction of Hemphill in 1966 when Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937) was the ruling decision which held that the double jeopardy provision of the Fifth Amendment was not applicable to the states under the due process clause of the Fourteenth Amendment. In Linkletter v. Walker, 381 U.S. 618, 622, 85 S.Ct. 1731 (1965) the Supreme Court discussed the factors and philosophy which should be considered in determining whether its decision concerning constitutionality in a specific case should apply retroactively to affect other proceedings and cases decided in state courts when the governing Supreme Court decisions at the time of trial had held contrary to the latest decision of the Supreme Court as to the constitutionality of these state trials. However, we believe we do not need to dwell upon this difficult and complex problem in this case because Palko governed at the time of this trial and, under Kentucky practice in criminal cases, old and new, Cr.Code 164 and its successor Rule of Criminal Procedure 8.12, a plea of former jeopardy should have been made before trial, or a motion to dismiss made, and neither was done by the appellant in the case at bar, nor was the question

argued on his direct appeal to this court. In other words, the law of this state offered full opportunity to present the defense of double jeopardy at the time of trial and we have not found in the record of that case that such a plea was entered. In his RCr 11.42 motion the appellant does not claim that any such plea was offered at the trial. In Wilkins, we repeat, the defense of double jeopardy was interposed at both the second and third trials.

We therefore, conclude that procedural due process was observed in the trial of Hemphill, and that he is not entitled to the relief here sought. The failure of the trial court to appoint Hemphill counsel in this proceeding we do not consider prejudicial because appointed counsel would have been confined to the trial record.

The judgment is affirmed.

All concur.