Memorandum. Judgment of conviction unanimously reversed on the law, information dismissed and fine remitted.
Defendant was charged with driving while impaired (Vehicle and Traffic Law, § 1192, subd 1), resisting arrest (Penal Law, § 205.30) and disorderly conduct (Penal Law, § 240.20). At the close of the People’s case, defendant moved to dismiss the latter two charges upon the ground that the People failed to establish a prima facie case. The court in granting the motion added a count of harassment upon which defendant now stands convicted. Defendant failed to specifically object to the court’s ruling. There was no” need for defendant to formally except to the court’s ruling. A party who has without success requested a particular ruling is deemed to have thereby protested the court’s ultimate disposition or failure to rule accordingly sufficiently to raise a question of law with respect to such failure regardless of whether any actual protest thereto was registered (CPL 470.05, subd 2; see, also, CPL 470.15, subd 1).
We note that harassment is not a lesser included offense of either disorderly conduct or resisting arrest. Harassment and disorderly conduct are violations and therefore one cannot be a lesser included offense of the other since they are of the same grade or degree (CPL 1.20, subd 37; People v Flores, 42 AD2d 431). Harassment cannot be considered a lesser included offense of resisting arrest because the former requires proof of an element — an intent to harass, annoy or alarm — which is not required to establish the crime of resisting arrest. Certainly the intent to prevent an authorized arrest does not include an intent to harass, annoy or alarm (see People v Moyer, 27 NY2d 252). Therefore, the harassment count, not being a lesser included offense, although supported by the factual allegations of the information, could only be added *43 upon application of the People with notice to the defendant prior to the commencement of trial (CPL 100.45, subd 3).
Concur: Groat, P. J., Hargett and Pino, JJ.