STATE OF HAWAII, Plaintiff-Appellee, *v.* DAVID FELICIANO, JR., also known as David Tindoc Feliciano, Defendant-Appellant

NO. 6724

OCTOBER 22, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM, JJ.,
AND RETIRED JUSTICE MARUMOTO
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY OGATA, J.

Defendant-appellant David Feliciano (hereinafter appellant) was indicted by the Oahu Grand Jury for the attempted

murder of Edgar Blue in violation of HRS § 705-500 and § 707-701. Appellant allegedly shot at the victim Blue at the Varona Social Club in Ewa Beach, Oahu, on December 3, 1976, at approximately 11:00 p.m. This incident stemmed from attempts by Blue and others to be participants of a party being held at the club.[1] Appellant was found guilty by a Circuit Court jury of Reckless Endangering in the Second Degree in violation of HRS § 707-714. The trial court sentenced appellant to six months in jail.

Appellant raises two contentions in his briefs and oral argument. First, he contends that the trial court's response to the jury concerning the lesser included offense of reckless endangering was insufficient to properly guide the jury, thus rendering the instruction vague and confusing. Second, he argues that upon reversal of the original judgment, HRS § 701-110 would bar retrial on the attempted murder charge.

We are of the opinion that the trial court's response to the jury's inquiry rendered the instruction originally given vague and confusing. Therefore, we reverse the judgment of the court below. We also believe that a retrial on the attempted murder charge is barred by HRS § 701-110.

I.

Initially, we must consider whether the trial court was correct in giving the instruction on reckless endangering in the second degree. Put another way, is reckless endangering in the second degree a lesser included offense of attempted murder. We believe that reckless endangering in the second degree is a lesser included offense of attempted murder under HRS § 701-109(4)(a).

HRS § 701-109(4)(a) states:

A defendant may be convicted of an offense included

---

[1] Different versions of the incident were presented at trial. Blue testified that he was invited to the party. Other witnesses testified that he "crashed" the party with others and was considered as a troublemaker.

in an offense charged in the indictment or information. An offense is so included when:

> (a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged.

This statutory provision codifies the common law rule on lesser included offenses. *See* Model Penal Code, § 1.08(4), Comment p. 40 (Tentative Draft No. 5, 1956). Simply put, an offense is included if it is impossible to commit the greater without also committing, the lesser. *Olais-Castro v. United States*, 416 F.2d 1155, 1157 (9th Cir. 1969).

Attempted murder is established when a defendant intentionally or knowingly attempted to cause the death of another through an act which is a substantial step in the course of conduct intended to culminate in the crime of murder. HRS § 707-701 and § 705-500. Reckless endangering in the second degree is proved by a defendant's conduct which recklessly places another person in danger of death or serious bodily injury. HRS § 707-714(1).

The difference between attempted murder and reckless endangering in the second degree is one of degree. Reckless endangering only requires a reckless state of mind which is less culpable than the intentional or knowing requirement necessary for attempted murder.[2] *See Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977); *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977); *People v. Higgins*, 86 Ill.App.2d 202, 229 N.E.2d 161 (1967).

The end result of reckless endangering and attempted murder is the same. In both instances the victim does not die but is placed in jeopardy of being injured or is being injured by appellant's conduct. Thus having the same end result and with a lesser degree of culpability in reckless endangering as compared to attempted murder, reckless endangering in the second degree is a lesser included offense of attempted murder under HRS § 701-109(4)(a). Proof of the attempted murder

---

[2] *See* Commentary to HRS § 702-208 for descending degrees of culpability.

charge would establish every element of reckless endangering in the second degree.

Moreover, the legislative scheme places reckless endangering in the same classification as murder and attempted murder, offenses against persons. The same interest is being protected by both these statutes. *See Commonwealth v. Polimeni, supra; Commonwealth v. Garcia, supra.*

We hold that the trial court was correct in instructing the jury that reckless endangering in the second degree is a lesser included offense of attempted murder under HRS § 701-109(4)(a).

## II.

During the charge to the jury, the trial judge instructed the jurors that they could find the appellant guilty as charged of attempted murder or a lesser included offense. The court instructed the jury that the lesser included offenses of attempted murder were attempted manslaughter, assault in the first degree, assault in the third degree and reckless endangering in the second degree.

The Court's instruction on reckless endangering in the second degree read in part:

A person commits the offense of Reckless Endangering in the Second Degree if he engages in conduct which recklessly places *another person in danger of death or serious bodily injury.*

To find the defendant guilty of this charge, you must find that the Prosecution has proven beyond a reasonable doubt that the defendant's conduct recklessly placed *Edgar Blue in danger of death or serious bodily injury.* (Emphasis added.)

This instruction required the jury to find specifically that Edgar Blue was placed in danger of death or serious bodily injury by appellant's conduct. The instruction also prescribed that the degree of harm to guide the jury is danger of death or serious bodily injury.

While the jury was deliberating, it sent a note to the court which inquired: "Does reckless endangering also include

putting *bystanders in jeopardy of bodily harm?*" (Emphasis added.) Despite the objections of defense counsel, the court responded to the question simply with a "yes." Ten minutes later, the jury returned its verdict and appellant was found guilty of reckless endangering in the second degree.

On appeal, instructions must be considered in their entirety to determine whether error was committed. *State v. McNulty*, 60 Haw. 259, 588 P.2d 438 (1978); *State v. Yoshida*, 45 Haw. 50, 64, 361 P.2d 1032, 1040 (1961). It is also well settled that an instruction may be supplemented by another. *State v. Yoshida, supra.*

By its question, the jury sought clarification on the law from the court. The trial court's affirmative response to the jury question was a supplemental instruction to the original jury instruction on reckless endangering in the second degree. *See United States v. Walker*, 575 F.2d 209 (9th Cir.), *cert. denied*, 439 U.S. 931 (1978); *State v. Yoshida, supra.* We believe that the supplemental instruction rendered the original instruction on reckless endangering in the second degree vague and confusing. As a consequence, the jury was misled by the standards enunciated in the supplemental instruction which resulted in appellant's conviction on reckless endangering in the second degree.

We realize that the trial court had a difficult task in responding to such a question from a deliberating jury. The Ninth Circuit in *United States v. Walker, supra*, recognized this problem and stated:

A trial judge is often reluctant to respond to questions in language similar to that used by the jury, particularly where inquiries are phrased as hypothetical cases or as questions requiring a categorical yes or no answer. Questions or illustrations from the jury may be phrased so that a simple affirmative or negative response might favor one party's position, place undue weight on certain evidence, or indicate that the trial judge believes certain facts to be true when such matters should properly be determined by the jury. Because the jury may not enlist the court as its partner in the fact-finding process, the trial judge must proceed circumspectly in responding to inquiries from

the jury. The court may properly attempt to avoid intrusion on the jury's deliberations by framing responses in terms of supplemental instructions rather than following precisely the form of question asked by the jury.

575 F.2d at 214. The trial court created the problems mentioned above by its simplistic response to the jury question.

In *State v. Laurie*, 56 Haw. 664, 672, 548 P.2d 271 (1976), we held that the trial court's response to the jury question on mental damages by rereading portions of the original instruction was not error. We found the procedure utilized by the court in *Laurie* did not mislead the jury or leave them confused on the applicable legal standards. The standard established in *Laurie* to determine the correctness of the court's response to the jury question was whether the supplemental instruction "confused or left an erroneous impression in the minds of the jurors." *State v. Laurie, supra* at 672.

Applying the above standard found in *Laurie* to the case at bar, the supplemental instruction amended and made ambiguous the instruction on reckless endangering in the second degree. The supplemental instruction also made unclear who was recklessly placed in danger of death or serious bodily injury: Was it specifically Edgar Blue or bystanders in general? Additionally, the supplemental instruction made uncertain what the proper degree of harm that was necessary to convict on reckless endangering: Is it danger of death or serious bodily injury as stated in the original instruction, or jeopardy of bodily harm as stated in the supplemental instruction?[3] The supplemental instruction confused and left an erroneous impression in the minds of the jurors regarding the standards enunciated in the original instruction on reckless

---

[3] The Court also instructed the jury on the following:

Serious bodily injury means bodily injury which creates a substantial risk of death or which causes protracted loss or impairment of the function of any bodily member or organ.

Bodily injury means physical pain, illness, or any impairment of physical condition.

As the instructions illustrate, the difference in the degree of harm between "jeopardy of bodily harm" and "danger of death or serious bodily injury" is substantial.

endangering in the second degree. The fact that the jury returned with its verdict ten minutes after the supplemental instruction was given is ample proof that the jury was left with an erroneous impression on what the applicable law on reckless endangering was.

It is well settled that the trial court must correctly instruct the jury on the law. *People v. Henry*, 395 Mich. 367, 236 N.W.2d 489, 492 (1975); *See State v. Irebaria*, 55 Haw. 353, 359, 519 P.2d 1246 (1974). This rule was stated in *People v. Henry, supra, quoting People v. Murray*, 72 Mich. 10, 16, 40 N.W. 29, 32 (1888):

> It is the duty of the circuit judge to see to it that the case goes to the jury in a clear and intelligent manner, so that they may have a clear and correct understanding of what it is they are to decide, and he shall state to them fully the law applicable to the facts.

395 Mich. at 373-74; 236 N.W. 2d at 492. This requirement is mandatory to insure the jury has proper guidance in its consideration of the issues before it. *See People v. Henry, supra; People v. Murray, supra*.

The original instruction on reckless endangering in the second degree correctly stated the law to guide the jury in its deliberations. However, the supplemental instruction was an incorrect statement of the law. The supplemental instruction made unclear who was placed in danger and what degree of harm was necessary to convict on reckless endangering. Thus, the instructions as a whole left an erroneous impression in the minds of the jury. *See State v. Laurie, supra*. The original and supplemental instruction concerning reckless endangering did not fulfill the mandate of providing the jury with the guidance it needs to properly fulfill its duties. *See State v. Irebaria, supra*.

### III.

Upon reversal of appellant's conviction, appellant contends that a finding of guilt on a lesser included offense by implication means an acquittal on the greater offense, thus barring reprosecution on the greater charge. The question

arises whether HRS § 701-110(1) bars reprosecution on the attempted murder charge.

The rule adopted by the United States Supreme Court and other jurisdictions,[4] and incorporated in HRS § 701-110(1)[5] is that a defendant who has been convicted of a lesser included offense than that charged is deemed to have been acquitted of the greater charge. Thus a defendant may not be retried for any offense of which he has been acquitted, whether expressly or impliedly, not withstanding a subsequent reversal of the judgment on appeal. *Price v. Georgia,* 398 U.S. 323, 328-29 (1970); *Green v. United States,* 355 U.S. 184 (1957); *Bunnell v. Superior Court of Santa Clara County,* 13 Cal.3d 592, 531 P.2d 1086, 1092, 119 Cal.Rptr. 302 (1975). *See, e.g., State v. Pia,* 55 Haw. 14, 18, 514 P.2d 580 (1973); *Annot.* 61 A.L.R.2d 1141; Commentary to HRS § 701-110; 4 *Wharton's Criminal Procedure,* § 590 (12th ed. C.Torcia 1976).

The rationale for the above-cited rule is two fold. First, the concept of double jeopardy is enhanced in that after an acquittal, a defendant is freed of the threat of renewed prosecution on the more serious offense. Commentary to HRS § 701-110. As the Supreme Court in *Green v. United States, supra,* put it:

> . . . the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to

---

[4] Other jurisdictions which have adopted the above-stated rule are as follows: State v. Butrick, 113 Ariz. 563, 558 P.2d 908, 912 (1976); State v. Kearney, 164 Conn. 135, 318 A.2d 100, 102 (1972); State v. Munson, 243 A.2d 691 (Del.Super. Ct. 1968); Causey v. State, 256 Ind. 19. 266 N.E.2d 795 (1971); Hemphill v. Commonwealth, 448 S.W.2d 60 (Ky. 1969); State v. Chaplin, 286 A.2d 325, 334 (Me. 1972); State v. Favell, 536 S.W.2d 47, 51 (Mo.Ct.App. 1976); People v. Graham, 36 N.Y.2d 633, 370 N.Y.S.2d 888, 331 N.E.2d 673 (1975); King v. State, 216 Tenn. 215, 391 S.W.2d 637 (1965).

[5] HRS § 701-110(1) states:

When a prosecution is for an offense under the same statutory provision and is based on the same facts as a former prosecution, it is barred by the former prosecution under any of the following circumstances:

(1) . . . . A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside on appeal by the defendant.

embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

355 U.S. at 187-88. The fundamental policy of "no man is to be brought into jeopardy of his life more than once for the same offence," is effectuated and protected.

Second, such a rule does not inhibit a defendant in his decision of whether to appeal his conviction. The Commentary to HRS § 701-110 states, "If the defendant faces reprosecution for an offense of which he has been acquitted, he may be unfairly hampered in his decision about whether to contest the validity of the conviction for the lesser offense." Under the rule we discuss today, the appellant would not be coerced into waiving his right to appeal his conviction on the lesser included offense for fear of being reprosecuted on the more serious offense.

In the instant case, the statutory mandate of HRS § 701-110 makes clear that appellant may be retried only on the lesser offense of reckless endangering in the second degree upon the setting aside of the original conviction on appeal. The jury conviction in the first trial on the lesser included offense automatically acquitted the appellant of the greater charge in the indictment and retrial on the greater offense is barred.

Reversed and remanded for further proceedings not inconsistent with this opinion.

*Renee Yuen,* Special Deputy Public Defender, for defendant-appellant.

*Patrick W. Border (Stanley M. Chow* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.