STATE OF HAWAII, Plaintiff-Appellee, *v.* TIM WOICEK, Defendant-Appellant

NO. 7731

CRIMINAL NO. C79-5996

AUGUST 24, 1981

OGATA, ACTING C.J., MENOR, LUM, NAKAMURA, JJ., AND RETIRED JUSTICE MARUMOTO IN PLACE OF RICHARDSON, C.J., RECUSED

OPINION OF THE COURT BY OGATA, J.

This is an appeal by defendant-appellant (hereinafter appellant), Tim Woicek, from his conviction in the District Court of the First Circuit for harassment. We reverse.

On October 16, 1979, appellant was seen riding his bicycle on the sidewalk among pedestrians on Kalakaua Avenue, just ewa of Lew-

ers Avenue in Waikiki by Police Officer Joslin.[1] Officer Joslin told appellant to stop but appellant replied that he couldn't. Thinking that appellant was not going to heed his request, Officer Joslin grabbed the handle bars of the bicycle as it passed by. As a result, appellant and his bicycle were thrown to the ground. Angered by the officer's actions, appellant began to cuss and swear at Joslin, who attempted to get information for a traffic citation. Officer Joslin testified that a group of five to ten passers-by formed around appellant and himself, and the group appeared shocked and affronted at appellant's behavior. However, appellant testified that his loud and abusive language was directed only at the police officer. Then, Sgt. Ortiz, Joslin's supervisor, attempted to mediate the situation but appellant remained uncooperative and continued his verbal abuse of the officers. Appellant was then arrested for disorderly conduct in violation of HRS § 711-1101.[2] This matter came for trial on the disorderly conduct charge on December 7, 1979.

After all the evidence had been presented and during its closing argument, the prosecution moved to amend the charge to harassment. Over appellant's objection, the trial court permitted the amended charge pursuant to Rule 7(e), H.R.P.P.[3] The trial court found that harassment was not a different offense from disorderly conduct and the amendment would not substantially prejudice appellant's rights. Whereupon, appellant was found guilty of

---

[1] The word "ewa" indicates direction. Ewa is towards the district of ewa, which is in a northwesterly direction.

[2] HRS § 711-1101 states in part:

(1) A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, he:

\* \* \* \* \*

(c) Makes any offensively coarse utterance, gesture, or display, or addresses abusive language to any person present, which is likely to provoke a violent response; or . . . .

[3] Rule 7(e) H.R.P.P. reads:

(e) *Amendment.* The court may permit a charge other than an indictment to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

harassment[4] and fined $75.00. This appeal followed.

The dispositive issue of this appeal is whether harassment is a lesser included offense of disorderly conduct. We note the similarities between these offenses, but similarity of related offenses does not necessarily mean that one is lesser included. *See, United States v. Thornton,* 498 F.2d 749 (D.C. Cir. 1974). A lesser included offense must meet the requirements set forth in HRS § 701-109(4). That section reads:

> (4) A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:
>
> (a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or
>
> (b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or
>
> (c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

Our recent decision in *State v. Kupau,* 63 Haw. 1, 620 P.2d 250 (1980), is dispositive of the issue. In *Kupau,* this court held that harassment is not a lesser included offense of assault in the third degree. We found that HRS § 701-109(4) required analysis of subsections (a) and (c) in determining whether an offense is included in another.[5] Subsection (a) adopted the common law definition of an

---

[4] HRS § 711-1106 reads in pertinent part:

(1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm another person, he:

\*   \*   \*   \*   \*

(b) Insults, taunts, or challenges another person in a manner likely to provoke a violent response; or . . . .

[5] HRS § 701-109(4) provides a two-prong test in determining a lesser included offense. The first prong requires analysis of subsection (a). The second prong, if applicable, examines either subsection (b) [attempts] or subsection (c) [less serious injury or risk of injury, or lesser culpability]. *Lewis v. State,* 413 N.E.2d 1069 (Ind. App. 1980); *McGairk v. State,* 399 N.E.2d 408 (Ind. App. 1980).

included offense that an offense is included when it is established by proof of the same or less than all the facts required to establish the offense charged. Put another way, an offense is included if it is impossible to commit the greater without also committing the lesser. *State v. Kupau, supra; State v. Feliciano,* 62 Haw. 637, 618 P.2d 306 (1980). Accordingly, some of the factors that can be considered in determining whether an offense is included in another are the degree of culpability, the end result and the legislative scheme.

After a careful review of the record in the instant case, we hold that harassment is not a lesser included offense of disorderly conduct under HRS § 701-109(4)(a). Although these offenses are in the same statutory chapter, have a similar end result and are related offenses, it is possible to commit the crime of disorderly conduct without also committing harassment.

To sustain a conviction for disorderly conduct, there must be proof of making any offensively coarse utterance, gesture, or display, or address abusive language to any person present which is likely to provoke a violent response, with the *intent to cause physical inconvenience or alarm* by a member or members of the public, *or recklessly creating a rist thereof.* [Emphasis added.] HRS § 711-1101(1)(c); *State v. Jendrusch,* 58 Haw. 279, 567 P.2d 1242 (1977); *State v. Nakasone,* 1 Haw. App. 10, 612 P.2d 123 (1980). On the other hand, one is guilty of harassment if with the *intent to harass, annoy or alarm* another, one insults, taunts or challenges another person in a manner likely to provoke a violent response. [Emphasis added.] HRS § 711-1106(1)(b).

A lesser included offense cannot have a mental state greater than or different from that which is required for the charged offense. *State v. Kupau, supra,* at 7, 620 P.2d at 253, and cases cited therein. In the case at bar, it is clear that disorderly conduct can be proved with a less culpable and different state of mind than that required for harassment. Harassment requires proof of the "intent to harass, annoy or alarm," while disorderly conduct can be proved with either the "intent to cause physical inconvenience or alarm" or "recklessly creating a risk thereof." A reckless state of mind is less culpable than the intentional state of mind required for harassment. Commentary

on HRS § 702-208.[6] Therefore, we hold that harassment is not a lesser included offense of disorderly conduct under HRS § 701-109(4)(a).

Now we consider whether harassment is a lesser included offense of disorderly conduct under subsection (c). A lesser included offense would also include crime that have a lesser degree of culpability, or less serious injury or risk of injury. *State v. Kupau, supra;* HRS § 701-109(4)(c). Subsection (c) differs from subsection (a) in that there may be some dissimilarity in the facts necessary to prove the lesser offense, but the end result is the same. Commentary on HRS § 701-109.

HRS § 701-1Q9(4) was taken almost verbatim from the Proposed Official Draft of the Model Penal Code. The commentary to the Model Penal Code indicates that subsection (c) was intended to cover two situations. The first is where the included offense has lesser culpability than the offense charged. The second situation has the lesser offense differing from the offense charged only in that a less serious injury or risk of injury is necessary to establish its commission. Model Penal Code, § 1.08(4), Comment at pp. 41-42 (Ten. Draft No. 5, 1956).

As we discussed previously, the mental state required for harassment is not less culpable than that required for disorderly conduct. Thus, the first situation under subsection (c) is not met.

Nor can we say that harassment involves a less serious injury or risk of injury as compared to disorderly conduct. These offenses involve the same kind of injury or risk of injury. Commentary on HRS §§ 711-1101 & 711-1106. In *People v. Davis,* 82 Misc.2d 41, 370 N.Y.S.2d 328 (1975), the New York court held that harassment could not be a lesser included offense of disorderly conduct since these offenses were of the same grade or degree. In this instance, our statute requires a less serious injury or risk of injury. We find that this requirement is not met. Therefore, we hold that harassment is not a lesser included offense of disorderly conduct under HRS § 701-109(4)(c).

Since harassment is not a lesser included offense of disorderly conduct, it is a separate and different offense. As such, permitting

---

[6] The Commentary on HRS § 702-208 states that intent, knowledge, recklessness and negligence are in a descending order of culpability.

the amendment of the original charge was improper and prejudicial.[7] Appellant's conviction cannot be sustained.

Reversed.

*Elaine Hazzard* (*Leslie Fukumoto* on the briefs), Deputy Public Defenders for defendant-appellant.

*Faye M. Koyanagi,* Deputy Prosecuting Attorney, for plaintiff-appellee.

---

[7] There is ample support in the record that appellant was prejudiced when the court permitted the amendment to the original charge. Defenses under the original charge would not be available after the amendment and evidence presented by appellant would not be equally applicable after the amendment. State v. Leake, 608 S.W.2d 564, 567 (Mo.Ct.App. 1980). We note that if loud and abusive language is directed only at police officers, a conviction for harassment rather than disorderly conduct is proper. State v. Vance, 61 Haw. 291, 297, 602 P.2d 933, 938 (1979); State v. Jendrusch, *supra,* at 282 & n.3, 657 P.2d at 1245 & n.3; Commentary on HRS § 711-1101 & n.1.