**STATE OF HAWAII**, Plaintiff–Appellee, v. **GEORGE H. BURDETT, JR.**, Defendant–Appellant

NO. 12440

(CR. NO. 87–0485)

OCTOBER 6, 1988

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Defendant–Appellant George Burdett, Jr. (Appellant) appeals his conviction for terroristic threatening in the first degree in violation of Hawaii Revised Statutes (HRS) §§ 707–715(1) and 707–716(1)(c). Appel-

lant's sole argument on appeal is that the trial court erred in refusing to instruct the jury that the Appellant could be found guilty of harassment as a lesser included offense of terroristic threatening in the first degree. We are of the opinion that harassment is not a lesser included offense of terroristic threatening in the first degree under HRS § 701–109(4)(a) or (c). We therefore affirm the judgment of the court below.

I.

The uncontradicted evidence revealed that the terroristic threatening charge stemmed from an incident at the Oahu Community Correctional Center (OCCC) on October 7, 1986. The victim, Perry McArthur, was an Adult Correctional Officer employed at OCCC and was assigned to the holding unit where he supervised the inmates' showers.

Defendant was in the shower when McArthur informed him that his shower period was over and instructed him to return to his cell. Defendant argued that his shower period was ten minutes long. McArthur responded that the rules specified five minutes per inmate and showed Defendant the regulations handbook.

The Defendant returned to his cell but continued arguing with McArthur, saying that McArthur should open the cell and "settle this like a man." The Defendant further stated that he had previously "cut" a "makai"[1] and would do the same to McArthur if he had the opportunity. McArthur informed the Defendant that he had to enforce the regulations.

McArthur testified that he took the Defendant's threat "seriously" and believed that the Defendant would cause him "some kind of bodily harm." Prior to the incident, McArthur never had a confrontation with the Defendant. However, following the incident, McArthur filed a report and was transferred to a different floor within the same holding unit.

At the conference to settle jury instructions, the trial court denied defense counsel's request for an instruction on harassment as a lesser included offense of terroristic threatening in the first degree. The jury found the Defendant guilty as charged. This appeal followed.

_____

[1]"Makai" is a Hawaiian term referring to prison guards at OCCC.

## II.

The dispositive issue of this appeal is whether harassment is a lesser included offense of terroristic threatening in the first degree. A lesser included offense must satisfy the requirements set forth in HRS § 701–109(4) which codifies the common law doctrine of lesser included offenses and provides in relevant part:[2]

> A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when:
>
> > (a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or
> >
> > . . . .
> >
> > (c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

Thus, in determining whether an offense is included in another, HRS § 701–109(4) provides for alternative tests. The first test requires an analysis of subsection (a). The second test, if applicable, examines either subsection (b) relating to attempts or subsection (c) relating to less serious injury or risk of injury, or lesser culpability. *State v. Kupau*, 63 Haw. 1, 5, 620 P.2d 250, 252 (1980); *State v. Woicek*, 63 Haw. 548, 632 P.2d 654 (1981).

## III.

HRS § 701–109(4)(a) adopted the common law definition of lesser included offenses that an offense is included when it is established by proof of the same or less than all the facts required to establish the offense charged. Commentary to HRS § 701–109. In other words, an offense is

---

[2] Subsection (b) has been omitted here because it is not relevant for discussion under the facts in the instant case. Subsection (b) provides that an attempt to commit the offense charged or to commit an offense otherwise included therein is also an included offense.

included if it is impossible to commit the greater without also committing the lesser. *State v. Kupau*, 63 Haw. at 2, 620 P.2d at 251; *State v. Woicek*, 63 Haw. at 551, 632 P.2d at 656.

HRS § 701–109(4) was taken almost verbatim from the Proposed Official Draft of the Model Penal Code, § 1.07(4) (1962). The Comments to the Model Penal Code further explain, "a lesser included offense is necessarily included in a charge of the greater if the proof necessary to establish the greater offense will of necessity establish the lesser offense." Model Penal Code § 1.08(4) comment at 40 (Tent. Draft No. 5, 1956).

In *State v. Feliciano*, 62 Haw. 637, 618 P.2d 306 (1980), we examined the language of HRS § 701–109(4)(a) and held that reckless endangering in the second degree was a lesser included offense of attempted murder. We determined that in applying subsection (a), some of the factors which can be considered in determining whether an offense is included in the charged offense are: degree of culpability, legislative statutory scheme, and end result. Because reckless endangering had a less culpable state of mind than attempted murder, was in the same chapter, and produced the identical end result as attempted murder, we concluded that reckless endangering in the second degree was a lesser included offense of attempted murder.

In determining degree of culpability, this court has adopted the rule that a lesser included offense cannot have a mental state greater than or different from that which is required for the offense charged. *State v. Kupau*, 63 Haw. at 7, 620 P.2d at 253 (citing *People v. Moyer*, 27 N.Y.2d 252, 265 N.E.2d 535, 317 N.Y.S. 9 (1970); and *People v. Higgins*, 86 Ill. App. 2d 202, 229 N.E.2d 161 (1967)).

Under HRS § 711–1106(1)(b), one is guilty of harassment if "with *intent* to harass, annoy or alarm another person, he insults, taunts, or challenges another person in a manner likely to provoke a violent response." (Emphasis added). On the other hand, under HRS §§ 707–715 and 707–716, one is guilty of terroristic threatening in the first degree if he threatens, by word or conduct, to cause bodily injury "with the *intent* to terrorize, *or* in *reckless* disregard of the risk of terrorizing." (Emphasis added).

Harassment has a more culpable mental state than terroristic threatening in the first degree. Harassment requires a state of mind that has the intent to harass, annoy or alarm, while terroristic threatening requires a mental state that is intentional or reckless. The Commentary to HRS

§ 702–208 states that intent, knowledge, recklessness and negligence are in descending order of culpability. Thus, it would be possible to commit the crime of terroristic threatening with a state of mind that is less than that required for the offense of harassment.

In *Kupau*, this court similarly reasoned that since assault in the third degree required a mental state that was intentional, knowing, or reckless, a less culpable state of mind than the intent standard required for harassment, proof of assault in the third degree would not necessarily prove the crime of harassment. Therefore, this court concluded that since harassment had a greater mental state than assault in the third degree, harassment was not a lesser included offense of assault in the third degree. *State v. Kupau*, 63 Haw. at 7, 620 P.2d at 253.

Furthermore, the structure of the Hawaii Penal Code places the offenses of harassment and terroristic threatening in the first degree in separate categories. Similar to the crimes involved in *Kupau*, the offense of harassment is placed under the chapter of Offenses Against Public Order, while terroristic threatening, like assault, is included in the chapter of Offenses Against The Person. This classification indicates that different societal interests were intended to be protected and that harassment would not be a lesser included offense of terroristic threatening in the first degree. *See State v. Feliciano*, 62 Haw. at 640, 618 P.2d at 308.

Finally, the HRS § 701–109(4)(a) analysis requires that the end result be considered in determining whether an offense is included in another. The Commentary to HRS § 701–109 and this court in *Kupau* indicated that the lesser included offense should produce the same end result as the charged offense. In the case at bar, however, the end results of harassment and terroristic threatening in the first degree would not necessarily be identical. Although the ultimate results may be similar, terroristic threatening involves threats and psychological rather than actual physical harm, while the harassment statute seeks to preserve public peace and prohibits insults or challenges likely to provoke a violent or disorderly response. *See* Hse. Stand. Comm. Rep. No. 673, in 1979 House Journal, at 1480, and Commentary to HRS § 711–1106(1)(b). Thus, while the end results appear similar, they are not identical.

We hold that harassment is not a lesser included offense of terroristic threatening in the first degree under HRS § 701–109(4)(a).

IV.

HRS § 701–109(4)(c) expands the doctrine of lesser included offenses to include crimes that require a lesser degree of culpability or a less serious injury or risk of injury. Subsection (c) differs from (a) in that there may be some dissimilarity in the facts necessary to prove the lesser offense, but the end result is the same. Commentary to HRS § 701–109.

The Commentary to the Model Penal Code indicates that subsection (c) was intended to cover two situations. The first is where the included offense has a lesser degree of culpability than the offense charged. The second situation is where the lesser offense differs from the offense charged only in that a less serious injury or risk of injury is necessary to establish its commission. Model Penal Code § 1.08(4) comment at 41–42 (Tent. Draft No. 5, 1956). Therefore, under a § 701–109(4)(c) analysis, the following factors are considered in determining whether an offense is included in another: the degree of culpability, degree of injury or risk of injury, and the end result. *State v. Kupau*, 63 Haw. at 7, 620 P.2d at 253.

As previously discussed, since the degree of culpability descends under the statute, the mental state required for harassment is not less culpable than that required for terroristic threatening in the first degree. While one can recklessly terrorize, harassment requires proof of intentional conduct.

Appellant argues that harassment should be determined to have a lower degree of culpability than terroristic threatening in the first degree because harassment is classified as a petty misdemeanor while terroristic threatening in the first degree is a class C felony. The different sanctions imposed for harassment and terroristic threatening in the first degree, however, is not dispositive of the culpability issue.

Although terroristic threatening in the first degree is classified as a class C felony and harassment is classified as a petty misdemeanor, Act 184, Session Laws 1979, upgraded the offense of terroristic threatening from a misdemeanor to a class C felony in four specific aggravated situations. The legislative history reveals that terroristic threatening was a serious problem which was difficult to prove and prosecute because it usually involved only words and psychological rather than physical harm. In many instances, however, such threats involved the use of firearms, explosives, or other dangerous weapons. Despite this fact, under prior law,

all threats of a terroristic nature constituted misdemeanors punishable by a maximum penalty of one year in jail and a $1,000 fine.

Therefore, the legislature intended to institute more severe penalties when a pattern of conduct of terroristic threats directed at one or more persons was established, when threats were directed at a public official, or when dangerous weapons or explosives were used to provide an incentive for vigorous prosecution and a deterrent against such offenses. Although words rather than actual physical harm were involved, the psychological trauma resulting from such threats and the possibility that harm may actually occur justified criminal prosecution in four specific situations under HRS § 707–716.

Furthermore, the different sanctions reflect the fact that separate and distinct interests were intended to be protected under the two statutes. . While the harassment statute seeks to preserve public peace and order, the terroristic threatening statute aims to protect individual personal safety thereby justifying the imposition of penal sanctions. *See* Commentary to HRS §§ 707–715(1) and 711–1106(1)(b). Hence, the different penalties imposed by the two statutes are not determinative of the degree of culpability involved in the offenses.

Subsection (c) also requires, as does subsection (a), that the lesser included offense produce the same end result as the charged offense. Again, as discussed above, the end results of harassment and terroristic threatening in the first degree are not identical.

Finally, HRS § 701–109(4)(c) provides that a crime can be a lesser included offense when a less serious injury or risk of injury to the same person is involved. In the present case, the injury inflicted by harassment is not less serious than the injury resulting from terroristic threatening in the first degree. Although the psychological consequences of both offenses may be similar where they impact on one's psyche and mental well–being, the requirement that harassment involve a less serious injury or risk of injury than terroristic threatening in the first degree is not satisfied.

We hold that under HRS § 701–109(4)(c), harassment is not a lesser included offense of terroristic threatening in the first degree.

## V.

We hold that harassment is not a lesser included offense of terroristic threatening in the first degree under HRS § 701–109(4)(a) or (c), and the trial court's jury instruction was proper. Affirmed.

*Richard T. Pafundi*, for Defendant–Appellant.

*Ellen B. Politano*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.