STATE OF HAWAII, Plaintiff–Appellee, v. FRANK FREEMAN, also known as Linda Frances King, Linda Carmona, David Bright, Leonard, Jimmy Wortheli, James Dixon, Owen Whatford, Owens Whatford, Frank Windell Broen, Tracy White, Frank Brown, Frank White, Frankie Freeman, Maxine Buckington, Lynn S. Freeman and Kevin Davis, Defendant–Appellant, and CLAUDE CARMONA, also known as John Wills, John Webb, Felix Carmona and Claude Kent, Defendant

NO. 13183

(CR. NO. 88–0073)

MAY 8, 1989

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

The issue presented in this appeal is whether Theft in the Second Degree (Hawaii Revised Statutes [HRS] § 708–831(1)(b) (Supp. 1988)) is a lesser included offense of Fraudulent Use of a Credit Card (HRS § 708–8100(1)(b) and (2) (Supp. 1988)) pursuant to HRS § 701–109(4), or, in the alternative, whether the offense of Theft in the Second Degree merges with the offense of Fraudulent Use of a Credit Card pursuant to HRS § 701–109(1). We conclude that Theft in the Second Degree is not a lesser included offense of Fraudulent Use of a Credit Card, nor do the two offenses merge pursuant to HRS § 701–109. We therefore affirm the judgment of the court below.

I.

This appeal arises out of several criminal acts allegedly committed by Defendant–Appellant Frank Freeman (Appellant) on December 15, 1987. On January 19, 1987, Appellant was charged with the following: Count I – Fraudulent Use of a Credit Card (F.U.C.C.) in violation of HRS § 708–8100(1)(b) and (2) (Supp. 1988); Counts II and III – Theft in the Second Degree in violation of HRS § 708–831(1)(b) (Supp. 1988); Count IV – Robbery in the Second Degree in violation of HRS § 708–841(1)(a) (Supp. 1988); Count V – Theft in the Fourth Degree in violation of HRS

§ 708–833(1) (Supp. 1988); and Count VI – Theft in the Third Degree in violation of HRS § 708–832(1)(a) (Supp. 1988).

On May 4, 1988, Appellant pled guilty to all counts except Count IV, which was dismissed. After entering his guilty plea, Appellant orally moved to dismiss Counts II and III, Theft in the Second Degree, on the ground that the offense was a lesser included offense of Count I, F.U.C.C., or in the alternative, that the offense of Theft in the Second Degree merged with the offense of F.U.C.C. pursuant to HRS § 701–109.

At the sentencing hearing held on June 24, 1988, the court orally denied Appellant's motion to dismiss Counts II and III, Theft in the Second Degree.

## II.

A lesser included offense must satisfy the requirement set forth in HRS § 701–109(4) which codifies the common law doctrine of lesser included offenses and provides in relevant part:[1]

A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

. . . .

(c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

In determining whether an offense is included in another, HRS § 701–109(4) provides a two–prong test. The first prong requires an analysis of subsection (a). The second prong, if applicable, examines either

---

[1] Subsection (b) has been omitted here because it is not relevant for discussion under the facts in the instant case. Subsection (b) provides that an attempt to commit the offense charged or to commit an offense otherwise included therein is also an included offense.

subsection (b) relating to attempts or subsection (c) relating to less serious injury or risk of injury, or lesser culpability. *State v. Kupau*, 63 Haw. 1, 5, 620 P.2d 250, 252 (1980); *State v. Woicek*, 63 Haw. 548, 632 P.2d 654 (1981).

Subsection (a) adopted the common law definition that an offense is included when it is established by proof of the same or less than all the facts required to establish the offense charged. Commentary to HRS § 701-109. In other words, an offense is included if it is impossible to commit the greater without also committing the lesser. *State v. Kupau*, 63 Haw. at 2, 620 P.2d at 251; *State v. Woicek*, 63 Haw. at 551, 632 P.2d at 656.

Accordingly, in applying subsection (a), some of the factors which can be considered in determining whether an offense is included in another are: degree of culpability, legislative statutory scheme, and end result. *State v. Feliciano*, 62 Haw. 637, 618 P.2d 306 (1980) (reckless endangering in the second degree held to be a lesser included offense of attempted murder because reckless endangering had a less culpable state of mind, was in the same chapter as attempted murder and the end result produced by both crimes was identical).

Although the statutory provisions of the offenses of Theft in the Second Degree and F.U.C.C. are in the same chapter, and these offenses have similar end results and are related, we note that the crime of F.U.C.C. may be committed without also committing Theft in the Second Degree.[2] A person could commit the offense of F.U.C.C. by merely "attempting" or

---

[2] To sustain a conviction for F.U.C.C. pursuant to HRS § 708-8100(1)(b) and (2), there must be proof of the following elements:

(1)     With intent to defraud the issuer, or another person or organization providing money, goods, services, or anything else of value, or any other person;

(2)     Defendant obtained or attempted or conspired to obtain money, goods, services or anything else of value;

(3)     By representing without the consent of the cardholder that the Defendant is the holder of the card or by representing that the Defendant is the holder of a card and such card has not in fact been issued; and

(4)     The value of the money, goods, services and other things of value obtained or attempted to be obtained exceeds $500 in any six–month period.

"conspiring" to obtain goods by the unauthorized use of a credit card. The offense is completed when the card is presented for goods or services, regardless of whether goods or services are actually received. On the other hand, a person could not commit Theft by merely presenting an unauthorized credit card; he must actually "obtain" or "exert control over" the property of another to commit Theft.[3] Thus, fraudulent use of a credit card is not necessary to commit Theft in the Second Degree.

Also, the requisite state of mind of both offenses is different. In determining the degree of culpability, this court has adopted the rule that a lesser included offense cannot have a mental state which is greater than or different from that which is required for the offense charged. *State v. Kupau*, 63 Haw. at 6, 620 P.2d at 253.

Under HRS § 708–8100(1)(b), one is guilty of F.U.C.C. if "with intent to defraud" another he "obtains or attempts or conspires to obtain money, goods, services, or anything else of value" by the unauthorized use of a credit card. On the other hand, under HRS §§ 708–830(2) and 708–831(1)(b), one is guilty of Theft in the Second Degree if "with intent to deprive" a property owner of his property, the value of which exceeds $300, he "obtains or exerts control over" the property by any form of deception.

Although the requisite mental states appear the same as both offenses require an intentional state of mind, the mental states are actually different. While F.U.C.C. requires proof of the "intent to defraud" another (HRS § 708–8100(1)), Theft in the Second Degree requires proof of "intent to deprive" an owner of his property or the value of his services.

---

Act 55, Haw. Sess. Laws 1988, amended § 708–8100 by lowering the value of money, goods, and services, required as an element of credit card fraud in the class C felony category from $500 to $300 to make this section uniform with similar statutory crimes. Hse. Stand. Comm. Rep. No. 1173, in 1988 House Journal, at 1257.

[3] Pursuant to HRS §§ 708–830(2) and 708–831(1)(b), one is guilty of Theft in the Second Degree if:

    (1)      With the intent to deprive the property owner of his property;

    (2)      Defendant obtains or exerts control over the property of another;

    (3)      By deception; and

    (4)      The value of the property exceeds $300.

(HRS § 708–830). HRS § 708–800(5) defines the term "deprive" as withholding, disposing, or retaining the property of another, or selling, giving, pledging, or otherwise transferring any interest in such property. HRS § 708–800(11), however, defines the phrase "intent to defraud" as:

    (a)    An intent to use deception to injure another's interest which has value; or

    (b)    Knowledge by the defendant that he is facilitating an injury to another's interest which has value.

Thus, the requisite intent of each offense is different.

The HRS § 701–109(4)(a) analysis further requires that the end result and legislative scheme be considered in determining whether an offense is included in another. *Kupau, supra*. Appellant argues that both offenses are included in the same statutory chapter and both offenses produce the identical end result because both offenses involve obtaining control of a person's property without the person's permission.

We disagree. Although these offenses are included in the same statutory chapter, HRS Chapter 708, entitled "Offenses Against Property Rights," and while the ultimate results of both offenses may be similar, we hold that the legislature intended to protect different societal interests in enacting these statutes.

Prior to the repeal of HRS § 851–4, credit card offenses were not part of the penal code. In 1986, however, such offenses were incorporated into Chapter 708 because the legislature determined that offenses relating to credit cards were "essentially types of fraud, theft, or forgery and can be handled through the penal code." Hse. Stand. Comm. Rep. 491, in 1986 House Journal, at 1220. The legislature, however, specifically stated that "rather than attempting to incorporate the credit card offenses within the theft offenses[,]" the "Committee felt it was easier to create a new part [entitled 'Credit Card Offenses'] within Chapter 708 'Offenses Against Property Rights[.]'" Thus, in enacting Act 314, Hawaii Session Laws 1986, the legislature recognized the societal trend in the increasing use and criminal abuse of credit cards and therefore increased credit card offense penalties to "discourage misuse of the cards." *Id.*

On the other hand, the Commentary to the theft statutes indicates that the legislature was primarily concerned with protecting owners from the deprivation of their property or value of their services. *See* Commentary to HRS §§ 708–830 to –833.

For the above reasons, we conclude that Theft in the Second Degree is not a lesser included offense of F.U.C.C. under HRS § 701–109(4)(a).

### III.

HRS § 701–109(4)(c) expands the doctrine of lesser included offenses to include crimes that require a lesser degree of culpability or a less serious injury or risk of injury. Subsection (c) differs from (a) in that there may be some dissimilarity in the facts necessary to prove the lesser offense, but the end result is the same. Commentary to HRS § 701–109.

The Commentary to the Model Penal Code indicates that subsection (c) was intended to cover two situations. The first is where the included offense has a lesser degree of culpability than the offense charged. The second situation is where the lesser offense differs from the offense charged only in that a less serious injury or risk of injury is necessary to establish its commission. Model Penal Code § 1.08(4), comment at 41–42 (Tent. Draft No. 5, 1956).

As previously discussed, the mental state required for Theft in the Second Degree is not less culpable than that required for F.U.C.C.. Thus, the first situation under subsection (c) is not satisfied.

Nor can it be said that Theft in the Second Degree involves a less serious injury or risk of injury as compared to F.U.C.C.. F.U.C.C. involves the misuse of credit cards to the detriment of financial institutions or persons providing money, goods, services, or anything else of value. Similarly, Theft in the Second Degree involves depriving any property owner of the value of his property or services. Thus, the requirement that Theft in the Second Degree involves a less serious injury or risk of injury than F.U.C.C. is not met.

We hold that under HRS § 701–109(4)(c), Theft in the Second Degree is not a lesser included offense of F.U.C.C..

### IV.

In the alternative, Appellant argues that his F.U.C.C. conviction is precluded by HRS § 701–109(1)(d) and (e) because both statutes seek to prohibit the identical conduct, and F.U.C.C. is merely a specific instance of the general offense of Theft.

We disagree. HRS § 701–109(1)(d) and (e) provide:

(1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. He may not, however, be convicted of more than one offense if:

. . . .

(d)  The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

(e)  The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, *unless the law provides that specific periods of conduct constitute separate offenses.* (Emphasis added).

The Theft in the Second Degree and F.U.C.C. statutes do not seek to redress the same conduct. As previously discussed, the main thrust of the F.U.C.C. statute is to prevent the unauthorized use of credit cards, whereas the Theft in the Second Degree statute seeks to prevent depriving an owner of his property or the value of his services. The offense of F.U.C.C., therefore, is not a derivative of Theft in the Second Degree.

Furthermore, HRS § 701-109(1)(e) prohibits multiple convictions where the defendant's actions constitute an uninterrupted, continuing course of conduct. This prohibition, however, does not apply where these actions constitute separate offenses under the law. *State v. Hoopii*, 68 Haw. 246, 251, 710 P.2d 1193, 1197 (1985). Moreover, "where a defendant in the context of one criminal scheme or transaction commits several acts independently violative of one or more statutes, he may be punished for all of them if charges are properly consolidated by the State in one trial." *State v. Pilago*, 65 Haw. 22, 24, 649 P.2d 363, 365 (1982); *State v. Pia*, 55 Haw. 14, 19, 514 P.2d 580, 585 (1973).

In this case, Appellant committed and completed the offense of F.U.C.C. when he presented a VISA credit card and, with the intent to defraud the issuer or merchant, attempted to obtain goods by representing that he was the holder of the credit card without the consent of the cardholder. HRS § 708-8100(1)(b). Appellant also committed the separate offense of Theft in the Second Degree when he actually obtained the property of two merchants, by deception, with the intent to deprive them of their property, the value of which exceeded $300. HRS § 708-831(1)(b) and § 708-830(2). In the course of Appellant's criminal transaction, he committed acts independently violative of both statutes and therefore,

HRS § 701–109(e) does not prohibit multiple convictions for the separate and distinct offenses of F.U.C.C. and Theft in the Second Degree. *Hoopii*, 68 Haw. at 251, 710 P.2d at 1197.

Thus, Theft in the Second Degree does not merge with F.U.C.C. pursuant to HRS § 701–109(1)(d) or (e).

## V.

We hold that Theft in the Second Degree is not a lesser included offense of Fraudulent Use of a Credit Card pursuant to HRS § 701–109(4), nor does the offense of Theft in the Second Degree merge with the offense of Fraudulent Use of a Credit Card pursuant to HRS § 701–109(1). Accordingly, the Appellant's conviction is affirmed.

*Dan S. Ikehara* for Defendant–Appellant.

*Vickie L. Silberstein*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.