**FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000895**
**30-JUN-2022**
**12:17 PM**
**Dkt. 56 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---oOo---

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
JOSEPH CORREIA III, Defendant-Appellee

NO. CAAP-18-0000895

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-17-0000591)

JUNE 30, 2022

HIRAOKA AND WADSWORTH, JJ., AND
GINOZA, CHIEF JUDGE, DISSENTING

OPINION OF THE COURT BY WADSWORTH, J.

Plaintiff-Appellant State of Hawaiʻi (**State**) appeals from the "Order Denying [Defendant-Appellee Joseph Correia III's (**Correia**)] Motion for New Trial; Entry of Dismissal as to Count 1" (**Order 1**) and the "Order of Dismissal of Count 1 Abuse of Family or Household Members ([Hawaii Revised Statutes (**HRS**) §] 709-906(1) and (9))" (collectively, **Dismissal Orders**), entered on October 19, 2018, by the Family Court of the First Circuit (**Family Court**).[1]

---

[1]    The Honorable Karen T. Nakasone presided.

Following a jury trial, Correia was found guilty on Count 1 of Abuse of Family or Household Members in the Presence of a Household Member Less Than 14 Years of Age, and guilty on Count 2 of Abuse of Family or Household Members. The Family Court subsequently ruled that Counts 1 and 2 merged, and ordered dismissal of Count 1 due to instructional error.

On appeal, the State contends that the Family Court erred in dismissing Count 1. The State requests that this court vacate the Dismissal Orders and remand the case for a new trial on Count 1.

We hold that the State's appeal is moot because we cannot provide effective relief in the unusual circumstances of this case. Even if we were to vacate the Dismissal Orders and remand the case to the Family Court, Correia could not be convicted on Count 1, because a final and non-appealable judgment of conviction was entered on Count 2 based on the same conduct. The principles of double jeopardy, as set forth in HRS § 701-109(1)(a) and (4), therefore bar a conviction on any retrial of Count 1. Accordingly, this appeal is moot and must be dismissed for lack of subject matter jurisdiction.

## I. Background

On July 10, 2017, Correia was charged with: (1) Abuse of Family or Household Members, in violation of HRS § 709-906(1) and (9)[2] (**Count 1** or **Abuse of Family or Household Members in the**

---

[2] At the time of the alleged offense, HRS § 709-906(1) and (9) (Supp. 2016) provided, in relevant part:

> **Abuse of family or household member; penalty.** (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member . . . .
>
> For purposes of this section:
>
> . . . .
>
> "Family or household member":
>
> (a)  Means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons in a dating relationship as defined under section 586-1, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or

(continued...)

2

**Presence of a Household Member Less Than 14 Years of Age**); and (2) Abuse of Family or Household Members, in violation of HRS § 709-906(1) and (8)[3/] (**Count 2** or **Abuse of Family of Household Members – Impeding Breathing or Circulation**).  The charges stemmed from an incident in which Correia allegedly assaulted his wife, the complaining witness, in the presence of their seven-year old daughter.

On August 28, 2018, Correia filed a motion for a new trial, contending in part that the jury instructions as to Count 1 were erroneous as to element four of the offense.  Correia argued that the instructions "allowed the jury to find that [Correia] was 'reckless' as to his state of mind as to the presence of the minor[,]" when HRS § 706-606.4 required a "knowing" state of mind.

The State opposed Correia's motion for a new trial, arguing that the jury instructions as to Count 1 were correct and that Counts 1 and 2 merged.  The State did not argue in the alternative for a new trial on Count 1, *i.e.*, in the event the Family Court ruled that the jury instructions as to Count 1 were erroneous.

On October 19, 2018, pursuant to the Dismissal Orders, the Family Court denied Correia's motion for a new trial, but *sua*

_____

[2/]  (...continued)

formerly residing in the same dwelling unit[.]

. . . .

(9) Where physical abuse occurs in the presence of a minor, as defined in section 706-606.4, and the minor is a family or household member less than fourteen years of age, abuse of a family or household member is a class C felony.

[3/]  At the time of the alleged offense, HRS § 709-906(8) (2014) provided:

Where the physical abuse consists of intentionally or knowingly impeding the normal breathing or circulation of the blood of the family or household member by applying pressure on the throat or the neck, abuse of a family or household member is a class C felony.

*sponte* granted dismissal of Count 1.  The Family Court reasoned in part:

> 3.  While the court agrees that the instruction on Count 1 was erroneous, this does not mean that no conviction can be had on Count 1, nor that a new trial is warranted.  The error in this instruction means that the facts required for sentencing enhancement under HRS § 706-606.4, were not properly found by the jury, and the sentencing enhancement must be set aside.
>
> 4.  Therefore, the jury's finding of physical abuse under HRS § 709-906, with no felony sentencing enhancement for "in the presence of a minor", still stands, and supports a conviction for the misdemeanor offense of Abuse of Family or Household Members.  On Count 1, the court thus finds that the misdemeanor Abuse offense conviction still stands, and is appropriate.
>
> . . . .
>
> 6.  Based on the jury's responses to the merger interrogatories, however, Counts 1 and 2 do merge.  Based on the jury's findings supporting merger, and in light of this court's disposition of Count 1 above reducing the offense to a misdemeanor, the Court enters a dismissal of Count 1.  Defendant will be sentenced only on Count 2, at sentencing.

The State did not move for reconsideration of the dismissal of Count 1 or otherwise seek a new trial on Count 1.

On October 25, 2018, the Family Court entered the Judgment of Conviction and Probation Sentence (**Judgment**), convicting Correia on Count 2, Abuse of Family or Household Members, in violation of HRS § 709-906 (1) and (5).[4]  Correia was sentenced to two years of probation, subject to certain terms and conditions, including that he serve a 180-day term of imprisonment.  On the same date, the Family Court entered an Order Pertaining to Bail Pending Appeal, which stated in part: "If a Notice of Appeal is filed, then bail is set in the amount of $1,000.00 during the pendency of appeal, until a Judgment on Appeal is entered."  On November 16, 2018, the State filed a timely notice of appeal from Order 1, as well as an amended notice of appeal challenging both Dismissal Orders.

On November 17, 2018, Correia filed a notice of appeal from the Judgment, initiating case no. CAAP-18-0000897.  There is no indication in the record, however, that Correia posted bail

_____

[4]  HRS § 709-906(5) provides, in relevant part:  "Abuse of a family or household member . . . [is a] misdemeanor[] . . . ."

4

pursuant to the Order Pertaining to Bail Pending Appeal, and the State's January 4, 2019 statement of jurisdiction in this appeal (*i.e.*, case no. CAAP-18-0000895) asserts: "Based on the State's files and records, it is the State's belief and understanding that [Correia] is in custody in the case on appeal."[5/] On December 17, 2018, Correia filed a Stipulation for Voluntary Dismissal of the Appeal in case no. CAAP-18-0000897. On January 4, 2019, this court entered an Order Approving Stipulation for Voluntary Dismissal of the Appeal, pursuant to which Correia's appeal was dismissed and the judgment of conviction on Count 2 became final.

## II.  Discussion

The State contends that the Family Court erred in *sua sponte* ordering dismissal of Count 1, because the proper remedy for instructional error was to vacate the conviction as to Count 1 and to order a new trial on that count. Based on this contention, the State requests that this court vacate the Dismissal Orders and remand the case for a new trial on Count 1.

In response, Correia argues in part that this court does not have jurisdiction because HRS § 641-13 "does not allow the State to appeal from orders dismissing charges that have merged with other charges for which the defendant has been found guilty by a jury." Relatedly, Correia argues that the double jeopardy clause precludes a retrial in these circumstances. The State, which elected not to file a reply brief, has not responded to these arguments.

"In general, 'this court does not have jurisdiction to decide abstract propositions of law or moot cases.'" State v. Nakanelua, 134 Hawaiʻi 489, 501, 345 P.3d 155, 167 (2015) (brackets omitted) (quoting Lathrop v. Sakatani, 111 Hawaiʻi 307, 312, 141 P.3d 480, 485 (2006)). "[A] case is moot if the reviewing court can no longer grant effective relief." Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726

---

[5/]    As of October 25, 2018, Correia had served 74 days in custody. The remaining 106 days of Correia's 180-day sentence, if served from October 25, 2018, would have expired on or about February 8, 2019.

(2007) (emphasis omitted) (quoting Kemp v. State of Hawaiʻi Child Support Enforcement Agency, 111 Hawaiʻi 367, 385, 141 P.3d 1014, 1032 (2006)).  "[M]ootness is an issue of subject matter jurisdiction[,]" Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 4, 193 P.3d 839, 842 (2008), and we must raise the issue *sua sponte*, Kapuwai v. City & Cty. of Honolulu, 121 Hawaiʻi 33, 40, 211 P.3d 750, 757 (2009) (concluding that "if the parties do not raise the issue of a lack of subject matter jurisdiction, a court *sua sponte* will." (brackets omitted) (quoting Tamashiro v. Dep't of Human Servs., State of Hawaiʻi, 112 Hawaiʻi 388, 398, 146 P.3d 103, 113 (2006))).

The State's appeal from the Dismissal Orders is moot because we cannot provide effective relief in these circumstances.  Even if we were to vacate the Dismissal Orders and remand this case to the Family Court, Correia could not be convicted of the offense – Abuse of Family or Household Members in the Presence of a Household Member Less Than 14 Years of Age – which the State seeks to retry.[6]  See HRS § 701-109(1) and (4) (Supp. 2018) (quoted infra).

The State is correct that "once instructional error is demonstrated, we will vacate . . ., if there is a reasonable possibility that the error contributed to the defendant's conviction[.]"  State v. Nichols, 111 Hawaiʻi 327, 337, 141 P.3d 974, 984 (2006).  In such circumstances, we generally remand the case for a new trial, unless we determine that substantial evidence does not support the conviction or that retrial is otherwise barred.  See, e.g., State v. Kalaola, 124 Hawaiʻi 43, 62, 237 P.3d 1109, 1128 (2010) (affirming the ICA's judgment, which vacated the defendant's conviction due to instructional error and remanded for a new trial, where the supreme court determined that sufficient evidence supported the conviction based on part of the defendant's conduct, and double jeopardy did not bar retrial with regard to that conduct).

Here, however, we are not asked to vacate a conviction due to instructional error.  We are asked to vacate the dismissal

---

[6]    Thus, we do not reach the State's contention that the Family Court erred in dismissing Count 1 when it found instructional error.

of Count 1 and to remand it for retrial, where, pursuant to the Judgment, Correia has already been convicted and sentenced on Count 2, and the parties do not dispute that Counts 1 and 2 merged. Morever, the judgment of conviction on Count 2 became final with the dismissal of Correia's appeal in case no. CAAP-18-0000897.[7/] Thus, we cannot vacate the judgment of conviction on Count 2, as the dissent suggests.

In these circumstances, HRS § 701-109(1) comes into play.[8/]

HRS § 701-109 (Supp. 2018) states, in relevant part:

> (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:
>
> (a) One offense is included in the other, as defined in subsection (4) of this section[.]
>
> . . . .
>
> (4) A defendant may be convicted of an offense included in an offense charged in the felony complaint, indictment, or information. An offense is so included when:
>
> (a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]

See State v. Alston, 75 Haw. 517, 532-33, 865 P.2d 157, 166 (1994) ("[A]n offense is a lesser included offense of another offense if it 'satisfies the requirements set forth in HRS § 701-109(4) which codifies the common law doctrine of lesser included offenses." (original brackets omitted) (quoting State v. Burdett, 70 Haw. 85, 87, 762 P.2d 164, 165 (1988))).

"In order for the statutory protections against being convicted of both a greater offense and its lesser included offense to apply in a given case, the offenses must pertain to

---

[7/] It also appears that Correia served all, or at least a substantial part, of his 180-day sentence. See supra note 5 and accompanying text.

[8/] In his answering brief, Correia argues in part that "re-prosecution would be precluded by the double jeopardy clause." We construe his argument as also invoking HRS § 701-109(1)(a). See State v. Brantley, 99 Hawai'i 463, 472, 56 P.3d 1252, 1261 (2002) (Levinson, J., concurring) ("[T]he HRS § 701-109(1)(a) prohibition against convictions for both a lesser included and the greater offense is grounded in the double jeopardy clause of the Hawai'i Constitution[.]" (citing State v. Quitog, 85 Hawai'i 128, 130 n.4, 938 P.2d 559, 561 n.4 (1997)).

the same conduct, not separate conduct." State v. Kalua, 144 Hawaiʻi 7, 16, 434 P.3d 1202, 1211 (2019). Here, the Family Court concluded, and the parties do not dispute, that Counts 1 and 2 merged. See HRS § 709-109(1)(e); State v. Martin, 146 Hawaiʻi 365, 390, 463 P.3d 1022, 1047 (2020) ("HRS § 709-109(1)(e) interposes a constraint on multiple convictions arising from the same criminal conduct") (citing State v. Matias, 102 Hawaiʻi 300, 305, 75 P.3d 1191, 1196 (2003)). Accordingly, there is no dispute that Counts 1 and 2 pertained to the same conduct.

"The general rule is that 'an offense is included if it is impossible to commit the greater without also committing the lesser.'" State v. Manuel, 148 Hawaiʻi 434, 440, 477 P.3d 874, 880 (2020) (brackets omitted) (quoting State v. Friedman, 93 Hawaiʻi 63, 72, 996 P.2d 268, 277 (2000)). Here, it is impossible to commit the greater offense of Abuse of Family or Household Members in the Presence of a Household Member Less Than 14 Years of Age without also committing Abuse of Family or Household Members. All of the elements of the lesser offense are included in the definition of the greater offense, which also requires proof that the alleged physical abuse occurred "in the presence of a minor,[9] . . . and the minor is a family or household member less than fourteen years of age[.]" HRS § 709-906(9) (footnote added); see id. § 709-906(1). Thus, under HRS § 701-109(1)(a) and (4), Correia cannot be convicted of both offenses. Cf. Brown v. Ohio, 432 U.S. 161 (1977) (barring the defendant's reprosecution for auto theft following a conviction for the lesser included offense of joyriding).

Accordingly, it is apparent from the record that we do not have the ability to grant the State effective relief. Even if we were to vacate the Dismissal Orders and remand this case to the Family Court, Correia could not be convicted on Count 1 because a final and non-appealable judgment of conviction was entered on Count 2, which pertains to the same conduct. The State's appeal from the Dismissal Orders is therefore moot, and

---

[9] "'In the presence of a minor' means in the actual physical presence of a child or knowing that a child is present and may hear or see the offense." HRS § 706-606.4(2).

8

this appeal must be dismissed for lack of subject matter jurisdiction.

For these reasons, this appeal is dismissed.

On the briefs:

Steven K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellant.

Emmanuel G. Guerrero
(Law Offices of Emmanuel G.
Guerrero, LLLC)
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

**DISSENTING OPINION BY GINOZA, CHIEF JUDGE**

I respectfully dissent because, in my view, the Family Court of the First Circuit (**Family Court**) erred in dismissing Count 1 and instead should have allowed a retrial on Count 1 given the court's determination that improper jury instructions had been given. This court is able to provide appropriate relief on the State's appeal from the erroneous dismissal of Count 1. Therefore, unlike the majority, I conclude this appeal is not moot.

## I.  Jury Verdict and Merger Finding

A jury found Defendant-Appellee Joseph Correia III (**Correia**) guilty on two counts:

- **Count 1**, that he abused his wife in the presence of their seven-year-old daughter, a <u>class C felony</u> under Hawaii Revised Statutes (**HRS**) §§ 709-906(1) and (9) (Supp. 2019); and

- **Count 2**, that he abused his wife, a <u>misdemeanor</u> under HRS §§ 709-906(1) and (5) (2014).[1]

The jury also answered special interrogatories that, the Family Court determined and the parties do not contest, resulted in Counts 1 and 2 merging.

## II.  Correia's Motion For New Trial
## and the Family Court's Error

After the jury verdict, Correia filed a "Motion for A New Trial" asserting, *inter alia*, that the Family Court's jury instructions with respect to Count 1 were defective. Correia thus requested that the Family Court "set aside the guilty verdict as to Count 1" and "grant his motion for a new trial." In considering Correia's motion for new trial, the Family Court

---

[1] In Count 2, Correia was charged with abusing his wife by intentionally or knowingly impeding the normal breathing or circulation of the blood by applying pressure on her throat or neck, a class C felony, in violation of HRS §§ 709-906(1) and (8) (2014). However, as to Count 2, the jury found Correia guilty of the lesser included offense of abuse of a family or household member, a misdemeanor under HRS §§ 709-906(1) and (5).

determined that its jury instructions on Count 1 were in error.[2]
However, instead of granting a new trial on Count 1 -- as
requested by Correia -- the Family Court *sua sponte* issued orders
dismissing Count 1 (the felony), and then entered a Judgment on
October 25, 2018, convicting Correia on Count 2 (the
misdemeanor). The Judgment noted that Count 1 had been
dismissed.[3]

The Family Court's *sua sponte* actions precluded the
State from retrying Count 1 with proper jury instructions. Such
a retrial, as requested by Correia, is the usual and appropriate
manner of remedying a conviction where there is a reasonable
possibility that erroneous jury instructions contributed to the
conviction. See State v. Cabinatan, 132 Hawaiʻi 63, 78, 319 P.3d
1071, 1086 (2014) (vacating convictions and remanding for new
trial where the court concluded "there is a reasonable
possibility that the instructional error contributed to
[defendant]'s conviction"); State v. Nichols, 111 Hawaiʻi 327,
329, 141 P.3d 974, 976 (2006) (holding that "an appellate court
will reverse for plain error in jury instructions where the error
cannot be said to be harmless beyond a reasonable doubt" and
remanding the case "for a new trial"). In other words, the
Family Court's *sua sponte* action dismissed the felony count,
Count 1, without a jury having had an opportunity to consider the
merits of that count with appropriate jury instructions (and
after a jury had previously convicted on that count).

The Family Court's reasoning for the *sua sponte* action
it took was as follows:

> 3. While the court agrees that the instruction
> on Count 1 was erroneous, this does not mean that no

---

[2] The propriety of the jury instructions is not raised in this appeal.
The focus in this appeal is whether, given the Family Court's determination
that the instructions on Count 1 were erroneous, the Family Court improperly
dismissed Count 1 *sua sponte*, instead of ordering a new trial on Count 1.

[3] Pursuant to the Judgment, Correia was sentenced to two years of
probation subject to terms and conditions that included, *inter alia*, that he
"[s]erve a term of imprisonment of 180 days in [Count 2], effective
forthwith[.]"

2

> conviction can be had on Count 1, nor that a new trial is warranted. The error in this instruction means that the <u>facts required for **sentencing enhancement under HRS § 706-606.4**, were not properly found by the jury, and the sentencing enhancement must be set aside</u>.
>
> 4. Therefore, the jury's finding of physical abuse under HRS § 709-906, <u>with no **felony sentencing enhancement** for "in the presence of a minor"</u>, still stands, and supports a conviction for the misdemeanor offense of Abuse of Family or Household Members. On Count 1, the court thus finds that the misdemeanor Abuse offense conviction still stands, and is appropriate.
>
> . . . .
>
> 6. Based on the jury's responses to the merger interrogatories, however, Counts 1 and 2 do merge. Based on the jury's findings supporting merger, and in light of this court's disposition of Count 1 above reducing the offense to a misdemeanor, the Court enters a dismissal of Count 1. Defendant will be sentenced only on Count 2, at sentencing.

(Emphases added.) The Family Court's reasoning indicates that it viewed the element of "in the presence of a minor" as <u>only</u> a "sentencing enhancement" factor under HRS § 706-606.4.[4]

---

[4] It appears the Family Court's reasoning stems from Correia's argument in his Motion for New Trial that the jury instruction on Count 1 had set out inconsistent states of mind, particularly that one part of the instruction allowed for a "reckless" state of mind as to whether the abuse occurred "in the presence of a minor," whereas another part of the instruction required that Correia "intended or knew" that the minor was present. Correia asserted a "knowing" state of mind was required under HRS § 706-606.4.

The jury instruction on Count 1 read, in relevant part:

> A person commits the offense of Abuse of Family or Household Members in the Presence of a Household Member Less than 14 Years of Age if he <u>intentionally, knowingly, or recklessly</u> physically abuses a family or household member in the presence of any family or household member who is less than fourteen years of age.
>
> There are five material elements of the offense of Abuse of Family or Household Members in the Presence of a Household Member Less than 14 Years of Age, each of which the prosecution must prove beyond a reasonable doubt.
>
> These five elements are:
>
> 1. That, on or about June 25, 2017 in the City and County of Honolulu, the Defendant physically abused Danyal Correia; and

(continued...)

3

However, Count 1 is based on HRS §§ 709-906(1) and (9),[5] which refers to HRS § 706-606.4 simply for the definition of "in the presence of a minor[.]" Conduct in violation of HRS §§ 709-906(1) and (9) constitutes a class C felony offense.[6]

---

[4](...continued)

2.    That the Defendant did so in the presence of a minor, who was less than 14 years of age; and

3.    That, at that time, Danyal Correia and the minor were family or household members of the Defendant; and

4.    That the Defendant acted **intentionally, knowingly, or recklessly** as to each of the foregoing elements; and

5.    That the Defendant **intended or knew** that the physical abuse occurred in the presence of a minor.

"In the presence of a minor" means in the **actual physical** presence of a child or **knowing** that a child is present and may hear or see the offense.

(Emphases added.)

[5] As applicable to this case, HRS §§ 709-906(1) and (9) (Supp. 2019) provided:

(1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4). The police, in investigating any complaint of abuse of a family or household member, upon request, may transport the abused person to a hospital or safe shelter.

. . .

(9) Where physical abuse occurs in the presence of a minor, as defined in section 706-606.4, and the minor is a family or household member less than fourteen years of age, abuse of a family or household member is a class C felony.

(Emphases added.)  Due to amendments to HRS § 709-906 that became effective in January 2021, subsection (9) was renumbered to become subsection (10). See 2020 Haw. Sess. Laws, Act 19, § 3 at 275, 283.

[6] A class C felony is subject to the following sentencing, in relevant part:

[A] person who has been convicted of a . . . class C felony may be sentenced to an indeterminate term of imprisonment . . . . When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be as follows:

(continued...)

4

Separately, HRS § 706-606.4[7] sets out "aggravating factors" that a trial court must consider, in addition to factors under HRS § 706-606, to determine the <u>sentence</u> for specified offenses, including abuse of a family or household member.[8]

---

[6](...continued)

. . .

(b) For a class C felony - <u>five years</u>.

The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706-669.

HRS § 706-660(1) (2014) (Emphasis added.)

On the other hand, a <u>misdemeanor</u> is subject to the following sentencing:

After consideration of the factors set forth in sections 706-606 [(factors to be considered in imposing a sentence)] and 706-621 [(factors to be considered in imposing a term of probation)], the court may sentence a person who has been convicted of a misdemeanor . . . to imprisonment for a definite term to be fixed by the court and <u>not to exceed one year in the case of a misdemeanor</u> . . . .

HRS § 706-663 (Supp. 2021) (Emphasis added.)

[7] As applicable to this case, HRS § 706-606.4 (Supp. 2019) provided:

**§ 706-606.4 Sentencing in enumerated offenses committed in the presence of a minor**. (1) In addition to the factors considered under section 706-606, the court shall consider the following aggravating factors in determining the particular sentence to be imposed:

(a) The defendant has been convicted of committing or attempting to commit an offense; and

(b) The offense contemporaneously occurred in the presence of a minor.

(2) As used in this section:

<u>"In the presence of a minor" means</u> in the actual physical presence of a child or knowing that a child is present and may hear or see the offense.
"Offense" means a violation of section 707-710 (assault in the first degree), 707-711 (assault in the second degree), 707-730 (sexual assault in the first degree), 707-731 (sexual assault in the second degree), 707-732 (sexual assault in the third degree), or <u>709-906 (abuse of family or household members)</u>.

(Emphases added.)

[8] At the time relevant to this case, HRS § 706-606.4 applied to: assault in the first and second degree; sexual assault in the first, second, (continued...)

5

In short, "in the presence of a minor" is an element for the felony offense set out in HRS §§ 709-906(1) and (9); it is not just an aggravating factor for purposes of sentencing. Thus, in my view, the Family Court erred by: determining that its erroneous jury instruction was only relevant to enhanced sentencing; ruling that, because the jury found abuse on Count 1, it could impose a conviction on Count 1 for misdemeanor abuse of a family or household member; and then, because of merger, it could dismiss Count 1 and enter judgment on Count 2.

In my view, having determined there had been error in instructing the jury, the Family Court should have granted a new trial on Count 1 as charged. If Correia was acquitted during retrial on Count 1, judgment could then have been entered on Count 2. If, however, Correia was found guilty during retrial on Count 1, the State would then have had the option of convicting Correia on either Count 1 or Count 2, and dismissing the other count. See State v. Martin, 146 Hawai'i 365, 390-91, 463 P.3d 1022, 1047-48 (2020) (holding that defendant was convicted on three counts for which the trial court plainly erred in not giving a merger instruction and that "the State has the option of dismissing two of the three charges and maintaining the judgment of conviction and sentence on one charge." (footnote and citation omitted)); State v. Hardoby, SCWC-18-0000781, 2021 WL 1250382, at *6 (Haw. April 5, 2021) (mem.); State v. Padilla, 114 Hawai'i 507, 517, 164 P.3d 765, 775 (App. 2007).

In Padilla, the defendant was convicted and judgment was entered on two counts: felon in possession of a firearm or ammunition; and place to keep a loaded pistol or revolver. 114 Hawai'i at 508-09, 164 P.3d at 766-67. On appeal, this court

---

[8](...continued)
and third degree; and abuse of a family or household member. Further, the aggravating sentencing factors in HRS § 706-606.4 apply when the offense occurs, *inter alia*, in the presence of a "minor," which is undefined in that statute; whereas the class C felony under HRS § 709-906(1) and (9) requires that the abuse occur in the presence of a minor who, *inter alia*, is "less than fourteen years of age[.]"

6

held that the circuit court had plainly erred in failing to give a merger instruction for the two counts on which the defendant had been convicted.  Id. at 509, 164 P.3d at 767.  However, it was noted that HRS § 701-109 "only prohibits _conviction_ for two offenses if the offenses merge; it specifically permits _prosecution_ on both offenses[,]" and thus where the jury found the defendant guilty on two merged charges, the State had the option of either (1) dismissing one count and entering judgment on the non-dismissed count or (2) retrying the defendant on both counts with a merger instruction.  Id. at 517, 164 P.3d at 775 (underline emphasis added); see also State v. Feliciano, 107 Hawaiʻi 469, 480, 115 P.3d 648, 659 (2005) (stating that "the double jeopardy clause (as applied in 'multiple punishments' cases) ensures that the courts cannot punish a defendant beyond what is authorized by the legislature." (emphasis added)).  In Padilla, this court therefore vacated the judgment that had been entered on both counts and remanded for further proceedings.  114 Hawaiʻi at 518, 164 P.3d at 776.

### III.  Appropriate Relief on the State's Appeal

The State relies on HRS §§ 641-13(1) and (9) (2016) as the statutory authority for its appeal.  In his answering brief, Correia appears to contend this court lacks appellate jurisdiction under these provisions, although his argument is based on a mixture of seeking to define what has occurred in this unusual case, his interpretation of HRS § 641-13, and general assertions that HRS §§ 701-109(2) and (3) (2014), as well as double jeopardy, preclude a retrial.

### A.  The State's Appeal is Proper Under HRS § 641-13(1)

HRS § 641-13 provides in pertinent part:

> **§ 641-13 By State in criminal cases**.  An appeal may be taken by and on behalf of the State from the district or circuit courts to the intermediate appellate court, subject to chapter 602, in all criminal matters, in the following instances:

7

> (1)     From an order or judgment quashing, setting
>         aside, or sustaining a motion to dismiss any
>         indictment, information, or complaint or any
>         count thereof;
>
> . . .
>
> (9)     From a judgment of acquittal following a jury
>         verdict of guilty[.]

I conclude the State's appeal is proper under HRS § 641-13(1). In State v. Poohina, 97 Hawaiʻi 505, 509-10, 40 P.3d 907, 911-12 (2002), the Hawaiʻi Supreme Court addressed its appellate jurisdiction over the State's appeal where a district court had *sua sponte* decided, following closing arguments at trial, to orally grant an acquittal and subsequently entered a written order styled as an order granting a motion to dismiss. The case involved a criminal contempt charge for violating an injunction, and the district court *sua sponte* determined that the complainant was no longer protected by the injunction because it was issued when she was a minor and she had since become an adult. 97 Hawaiʻi at 507-08, 40 P.3d at 909-10. The State asserted its right to appeal under HRS § 641-13(1). Id. at 509, 40 P.3d at 911.

The defendant argued, *inter alia*, that HRS § 641-13(1) was inapplicable because the district court's order was actually a judgment of acquittal and he also asserted that principles of double jeopardy applied. Id. The Hawaiʻi Supreme Court stated "[t]he district court's order was not a judgment of acquittal, and even if it were, it would have been an acquittal in form only. The principles of double jeopardy do not apply because a decision as to Poohina's guilt was never considered." Id. More specifically, the court expressed:

> The decision of the trial court was not a judgment of
> acquittal. This court has cautioned against raising form
> over substance. Concern over this type of jurisdictional
> issue has led this court to state that "while form is not to
> be exalted over substance in determining the double jeopardy
> consequences of a rule terminating a prosecution, neither is
> it appropriate entirely to ignore the form of the order
> entered by the trial court." State v. Lee, 91 Hawaiʻi 206,
> 209, 982 P.2d 340, 343 (1999) (citing Sanabria v. United
> States, 437 U.S. 54, 66, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978)

> (citation and brackets omitted)). Thus, <u>what constitutes an</u>
> <u>acquittal is more dependent upon the intent of the ruling</u>
> <u>rather than the label</u>. <u>Id.</u> at 209, 982 P.2d at 343. In that
> respect, this court adopted the <u>United States v. Martin</u>
> <u>Linen Supply Co.</u>, 430 U.S. 564, 571, 97 S.Ct. 1349, 51
> L.Ed.2d 642 (1977) test in which "[a] defendant is acquitted
> only when 'the ruling of the judge, whatever its label,
> actually represents a resolution in the defendant's favor,
> correct or not, of some or all of the factual elements of
> the offense charged.'" <u>State v. Dow</u>, 72 Haw. 56, 64, 806
> P.2d 402, 406 (1991) (citing <u>Martin Linen Supply</u>, 430 U.S.
> at 571, 97 S.Ct. 1349).

<u>Id.</u> at 509-10, 40 P.3d at 911-12 (emphases added). The Hawaiʻi
Supreme Court reasoned that the district court had not reached
the merits of the case, did not enter any decision as to the
defendant's guilt, and thus its action "can in no way be
interpreted as an acquittal in substance." <u>Id.</u> at 510, 40 P.3d
at 912. The supreme court thus concluded the district court's
written "order granting defendant's motion to dismiss" accurately
reflected the course of the proceedings and the order was
appealable under HRS § 641-13(1). <u>Id.</u> The supreme court stated
that "[a]lthough the order was not entered in response to a
motion, it was an order of dismissal appealable under HRS
§ 641-13(1)." <u>Id.</u> (footnote omitted). After determining the
district court had improperly dismissed the case, the supreme
court "<u>reverse[d] the judgment</u> of the trial court and remand[ed]
the case for further proceedings." <u>Id.</u> at 512, 40 P.3d at 914
(emphasis added).

This court, in <u>State v. Markowski</u>, 88 Hawaiʻi 477, 479-
82, 967 P.2d 674, 676-79 (App. 1998), similarly looked to the
essence of the trial court's rulings, not just the title of the
rulings, to determine whether a State's appeal was proper under
HRS § 641-13(1). In <u>Markowski</u>, this court held that a "judgment
of acquittal" on three counts based on defective charging,
entered by the circuit court after the State had rested its case
in a jury trial, was not a true acquittal. 88 Hawaiʻi at 479-81,
967 P.2d at 676-78. "[W]hat constitutes an 'acquittal' is not to
be controlled by the form of the judge's action." <u>Id.</u> at 483,
967 P.2d at 680 (citation omitted). Rather, "a defendant is

9

acquitted only when the ruling of the judge, whatever its label, actually represents a resolution in defendant's favor, correct or not, of some or all of the factual elements of the offense charged." Id. (citation, internal quotation marks, emphases and brackets omitted); cf. Evans v. Michigan, 568 U.S. 313, 317, 324 (2013). In Markowski, the trial court had entered the judgment of acquittal on four counts –- on the merits as to count I and due to defective charging on counts II, III and IV.[9] 88 Hawaiʻi at 480-81, 967 P.2d at 677-78. Subsequently, the trial court also entered an order dismissing counts II, III and IV due to defective charging. Id. at 481-82, 967 P.2d at 678-79. The State appealed only from the order of dismissal, and this court determined it had jurisdiction under HRS § 641-13(1). Id. at 482, 967 P.2d at 679. We further held the defendant would not be subjected to double jeopardy if he was retried because the judgment of acquittal was unrelated to the defendant's factual guilt or innocence, we vacated both the judgment of acquittal and the order of dismissal as to counts II, III and IV, and then remanded the case for a new trial on the three counts. Id. at 484, 489, 967 P.2d at 681, 686.

In this case, the Family Court did not acquit Correia of Count 1, did not address or resolve any factual elements of the offense, and did not consider in any way the sufficiency of the evidence presented. Rather, notwithstanding its determination that the jury instructions on Count 1 were incorrect, the Family Court accepted the jury's finding of abuse and decided the "misdemeanor Abuse offense conviction still stands[.]" Then, due to the jury's findings on merger and the court's *sua sponte* disposition of Count 1 reducing it to a misdemeanor offense, the Family Court dismissed Count 1 and entered judgment against Correia only on Count 2.

---

[9] A total of four counts were charged in Markowski and only count I reached the jury, which returned a verdict of not guilty on that count. 88 Hawaiʻi at 480-81, 967 P.2d at 677-78.

Under these circumstances, Correia clearly was not acquitted of any charge and instead, because of the interplay of the merger doctrine in this case, the Family Court dismissed Count 1. Like in Poohina, although Correia never filed a motion to dismiss Count 1, the State's appeal is still a proper appeal pursuant to HRS § 641-13(1) because the Family Court dismissed Count 1 and thus this court has jurisdiction.[10] 97 Hawaiʻi at 510, 40 P.3d at 912.

**B.   HRS §§ 701-109(2) and (3), and Double Jeopardy, Do Not Preclude Retrial on Count 1**

Correia asserts that HRS §§ 701-109(2) and (3) preclude a retrial on Count 1. These provisions state:

> (2) Except as provided in subsection (3) of this section, a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.
>
> (3) When a defendant is charged with two or more offenses based on the same conduct or arising from the same episode, the court, on application of the prosecuting attorney or of the defendant, may order any such charge to be tried separately, if it is satisfied that justice so requires.

Correia does not cite any case law in support.

In State v. Deedy, 141 Hawaiʻi 208, 407 P.3d 164 (2017), the Hawaiʻi Supreme Court rejected the defendant's argument that HRS § 701-109(2) precluded a retrial after a jury deadlocked on certain offenses and a mistrial was declared. Id. at 222, 407 P.3d at 178. The supreme court explained:

> HRS § 701-109(2) simply has no application in this case because all offenses with which Deedy was charged were tried together at the first and second trials. Instead, HRS § 701-109(2) applies where there are charges arising from the same conduct or the same episode and the State attempts to try those charges separately. In this case, Deedy was not being charged separately for the same course of conduct; there is but one criminal action filed in the circuit court. As discussed supra, a retrial on reckless manslaughter and the included assault offenses is merely a "continuation" of the same prosecution following the declaration of a mistrial when the jury was deadlocked as to those offenses.

Id. (emphasis added) (citations omitted).

---

[10]   Given my conclusion under HRS § 641-13(1), I do not address HRS § 641-13(9).

Similar to <u>Deedy</u>, a retrial in this case on Count 1 is not precluded under HRS § 701-109(2) because Counts 1 and 2 have been prosecuted in one criminal action.  A retrial on Count 1, with proper jury instructions, would be a continuation of the same prosecution to address the erroneous instructions provided to the jury in the first trial.

Moreover, although double jeopardy bars a retrial when a conviction is reversed due to insufficient evidence, double jeopardy does <u>not</u> preclude retrial when a conviction is reversed due to <u>trial error</u>, such as erroneous jury instructions.  <u>State v. Kalaola</u>, 124 Hawaiʻi 43, 60, 237 P.3d 1109, 1126 (2010).  In analyzing cases addressing double jeopardy, the Hawaiʻi Supreme Court stated:

> The [U.S. Supreme Court] further explained that "the double jeopardy clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. [<u>Burks v. United States</u>, 437 U.S. 1, 11 (1978)].  The Court also <u>distinguished reversal for evidentiary insufficiency from that for trial error</u>:
>
>> In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case.  As such, it implies nothing with respect to the guilt or innocence of the defendant.  Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, <u>incorrect instructions</u>, or prosecutorial misconduct. <u>When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished</u>.
>
> <u>Id.</u> at 15, 98 S.Ct. 2141 [ ].
>
> . . . .
>
> Relying on <u>Burks</u>, this court has determined that "the prohibition against double jeopardy applies where the reversal is based on insufficiency of evidence." [<u>State v.</u>] <u>Bannister</u>, 60 Haw. [658,] 660, 594 P.2d [133,] 135 [(1979)].
>
> . . . .

12

> However, _the prohibition does not apply_
> _where judgment is reversed for a trial_
> _error_ because the _effect of the decision_
> _does not constitute a failure of the_
> _government to prove its case_. [Burks, 437
> U.S.] at 10.
>
> . . . .
>
> [Bannister, 60 Haw.] at 660, 594 P.2d at 135[.]

Kalaola, 124 Hawaiʻi at 57-58, 237 P.3d at 1123-24 (emphases added) (brackets and some emphases omitted).

Here, as noted previously, there was no acquittal on Count 1 and no determination based on lack of sufficient evidence. Indeed, Correia does not contend that double jeopardy bars a retrial based on insufficient evidence presented in the jury trial. Thus, given the instructional error in the jury trial, I would vacate the orders dismissing Count 1, vacate the Judgment of conviction on Count 2, and order a retrial on Count 1. Although the Family Court entered the Judgment on Count 2 (because of its determination that Counts 1 and 2 merged), there is no reason this court cannot vacate that Judgment as part of addressing the State's proper appeal. With respect to double jeopardy, this case is effectively no different than Cabinatan or Nichols, where a judgment of conviction had been entered and, due to instructional error, the judgment was subsequently vacated on appeal and a new trial was ordered. Cabinatan, 132 Hawaiʻi at 78, 319 P.3d at 1086; Nichols, 111 Hawaiʻi at 329, 141 P.3d at 976. Further, in a criminal case where the State appealed from a dismissal order and this court determined there had been error in dismissing three counts, we vacated both the dismissal order and a related judgment, even though the appeal was taken only from the dismissal order. Markowski, 88 Hawaiʻi at 481-82, 489, 967 P.2d at 678-79, 686; cf. Poohina, 97 Hawaiʻi at 512, 40 P.3d at 914.

Even with a new trial on Count 1, Hawaiʻi's statute on merger (HRS § 701-109) permits prosecution on both Counts 1 and 2, so long as Correia is not convicted on both offenses that

13

merge.  Martin, 146 Hawaiʻi at 390-91, 463 P.3d at 1047-48; Padilla, 114 Hawaiʻi at 517, 164 P.3d at 775.  Should Correia be found guilty on Count 1 during a retrial, the State would then have the option of dismissing one of the counts and having Correia convicted on the remaining count.  Martin, 146 Hawaiʻi at 391, 463 P.3d at 1048; Padilla, 114 Hawaiʻi at 517, 164 P.3d at 775.  However, should Correia be acquitted on Count 1 during a retrial, judgment could then be re-entered on Count 2.

In either scenario, Correia would be entitled to time served and any other appropriate consideration with respect to sentencing.  That is, after retrial on Count 1, whether Correia was ultimately convicted on Count 1 or convicted on Count 2, he would be entitled to full credit for the time he has served and any other aspect of the sentence he has fulfilled under the Judgment that was entered on October 25, 2018.  In Wong v. Among, 52 Haw. 420, 425, 477 P.2d 630, 634 (1970), the Hawaiʻi Supreme Court vacated judgments of conviction against the defendant because he had plead guilty without being afforded his right to counsel.  In addressing double jeopardy issues on remand, the supreme court concluded:

> Because of the above constitutional improprieties, it is the determination of this court that petitioner's convictions in Cr. Nos. 26063, 26116, and 26147 are null and void and are hereby set aside and the judgments entered therein are vacated.
>
> Having fully served his sentence on the charges of forgery and passing a forged writing, Cr. No. 26147, petitioner's constitutional guarantee against double jeopardy protects him against further penalty on this charge.  Ex Parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873).  Should the petitioner, upon remand of this case, be retried and convicted on either or both of the other two charges, the Fifth Amendment's prohibition against double jeopardy requires that he be given full credit against any new sentence for time served under the convictions which today we set aside.

Id. (emphases added) (footnote omitted) (further citing North Carolina v. Pearce, 395 U.S. 711, 718 (1969), *overruled on other*

14

*grounds by* <u>Alabama v. Smith</u>, 490 U.S. 794 (1989)); <u>see also</u> <u>Jones v. Thomas</u>, 491 U.S. 376 (1989) (holding that defendant's double jeopardy rights were not violated where he was initially convicted and sentenced on two offenses, the shorter sentence was commuted and later vacated after he had completed that sentence, and he was credited for time served on the shorter sentence against his remaining longer sentence).  In this case, Correia can be retried on Count 1 while still protecting his double jeopardy rights because he would not be "punished multiple times for the same offense."  <u>See</u> <u>Feliciano</u>, 107 Hawaiʻi at 476, 115 P.3d at 655.

## IV.  Conclusion

Based on the foregoing, I therefore respectfully dissent.  I would vacate the Family Court's orders dismissing Count 1, vacate the Judgment entered on October 25, 2018, and remand the case for a new trial on Count 1, with further proceedings to address merger and double jeopardy concerns as set forth above.

/s/ Lisa M. Ginoza
Chief Judge